**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 10 2012, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ROGER A. BOGGS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 03A04-1108-CR-435 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-1008-FB-1090

**July 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a jury trial, Roger Boggs appeals his conviction of armed robbery, a Class B felony. Boggs raises two issues for our review, which we consolidate and restate as one: whether the State presented sufficient evidence to support Boggs's conviction. Concluding the evidence presented was sufficient, we affirm.

## Facts and Procedural History

On August 22, 2010, at approximately 4:00 a.m., Boggs entered a Walgreens Pharmacy located in Columbus, Indiana armed with a gun. Boggs was wearing a camouflage jacket, camouflage pants, camouflage hat, a blue t-shirt, sunglasses, bandages on his face, and Ace bandages wrapped around his hands. Boggs approached the pharmacy counter and asked the pharmacist, Danny D. Scales, for 180 oxycontin tablets of 80 milligrams. After Scales responded that he only had oxycodone, the generic brand, Boggs pulled a gun out of his pocket and demanded that Scales give him the bottles. The gun was a small silver handgun but not a revolver. Boggs took three bottles of oxycodone, which included two fully sealed bottles and one partially filled bottle, and left the store.

Inquiring about the customer in the store, the assistant manager, Kevin Moran, was informed by the cashier there was a gentleman in the pharmacy area who had bandages on his face. Moran walked towards the pharmacy area looking for Scales to make sure everything was okay and saw a man leaving the pharmacy wearing a camouflage jacket and pants. Moran saw Scales waving at him and turned to go to the front of the store to call 911. While on the phone with 911, Moran saw Boggs exit the store and followed after him. When Moran arrived in the parking lot, Boggs was driving

2

off in a dark-colored vehicle heading west towards 25th Street. Moran observed the vehicle until he lost sight of it at an intersection north of Walgreens.

Several Columbus police officers responded within minutes of Moran's call. Two officers headed toward the vicinity where Boggs was headed while other officers went to Walgreens to get the employees' statements. While driving on 25th Street, one of the officers saw a dark-colored vehicle turn directly in front of him driving at a high speed and without making a complete stop at the stop sign. The officer followed the vehicle while waiting for more information from the officers at Walgreens. Upon receiving confirmation, the officer activated his sirens, but Boggs continued for several blocks before stopping in a parking lot.

Officers ordered Boggs out of the vehicle and took him into custody. Boggs was wearing a camouflage jacket, camouflage pants, and a blue t-shirt. The officers found a camouflage baseball cap, sunglasses, Ace bandage, assorted band aids, and medical tape on the passenger seat. Neither a gun nor bottles of oxycodone were found in the vehicle. Officers searched the area between Walgreens and where they stopped Boggs for the gun and bottles of oxycodone, but did not find them. The arresting officers identified the person on the Walgreens surveillance video as Boggs.

On March 16, 2011, the Scottsburg Police Department received a call from Boggs's deceased girlfriend's daughter, Jessica Turner, who asked them to pick up a sealed bottle of oxycodone and a silver handgun that she found in her mother's possessions. Boggs's deceased girlfriend, Suzanna Turner-Griner, lived with Boggs's mother until her death on September 21, 2010, from an overdose of oxycodone and opiates. After Turner-Griner's death, Boggs's mother packed up her possessions and

3

Turner picked them up. Turner, who was emotionally distraught, had left the possessions in the trunk of her car for six months before opening them.

Both Moran and Scales identified Boggs as the armed robber. The camouflage clothing and hat that the robber wore during the robbery as revealed by video surveillance resembled what Boggs was found wearing when he was stopped and arrested. Additionally, Scales's description of the camouflage clothing, hat, sunglasses, and assorted band aids resembled what was found in Boggs's vehicle and the clothing he was wearing when he was arrested.

The State charged Boggs with armed robbery, a Class B felony. At the conclusion of the trial, the jury found Boggs guilty and the trial court entered a judgment of conviction and sentenced him to fifteen years with five years suspended. Boggs now appeals his conviction.

## Discussion and Decision

### I. Standard of Review

Boggs contends that his armed robbery conviction was not supported by sufficient evidence. When reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005). When confronted with conflicting evidence, we consider it in a light most favorable to the conviction. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We must affirm the conviction if there is substantial evidence of probative value and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find all elements of the crime proven beyond a reasonable doubt. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005).

4

## II. Sufficiency of the Evidence

To convict Boggs of robbery while armed with a deadly weapon, a Class B felony, the State was required to prove beyond a reasonable doubt that Boggs knowingly or intentionally took oxycodone from Scales, by using or threatening the use of force while armed with a deadly weapon. See Ind. Code § 35-42-5-1(1).

In support of his sufficiency challenge, Boggs contends that Scales's positive identification of him from the photo array and at trial does not satisfy the beyond a reasonable doubt burden of proof. Specifically, Boggs points out that when asked to identify the robber during trial, Scales testified that "it's my belief that it was the gentlemen [sic] sitting here," as he pointed at Boggs in the courtroom. Trial Transcript at 208. Boggs also asserts that Scales's identification of him from the array of photos provided by the Columbus Police Department was tainted because Scales had seen a picture of Boggs in the newspaper prior to the police showing him the photo array. Because the State's primary witness and victim could not positively identify him, Boggs argues the State failed to prove beyond a reasonable doubt that he was the perpetrator.

We disagree. Scales testified in court that he believed Boggs was the person who robbed Walgreens on August 22, 2010, and explained that although Boggs had bandages on his face and wore sunglasses, he recognized certain features of the robber well enough to identify Boggs in the photo array, including: the shape of the robber's face, ears, and mouth; his type of mustache; his hair length, color and texture, and how it hung behind his ears. He also explained the picture he saw in the newspaper was very small and had no influence on him in identifying Boggs from the photo array provided by the police. When asked if he could be wrong, he further testified that he would not have identified

5

Boggs if he did not believe that Boggs was the man who entered Walgreens and robbed the pharmacy that early morning.

Testimony and video surveillance confirm that a man wearing a camouflage jacket, camouflage pants, a camouflage hat, a blue t-shirt, bandages on his hands, and some band aids on his face, pulled out a gun and robbed Walgreens pharmacy of three bottles of oxycodone. The robber fled in a dark-colored car and headed west towards 25th Street. Within a few minutes, Boggs was pulled over near that Walgreens driving a dark-colored vehicle containing a camouflage baseball cap, assorted band aids, bandages, and sunglasses in the front passenger seat. Boggs was wearing a camouflage jacket, camouflage pants, and a blue t-shirt. The gun and three bottles of oxycodone were not found in the car but a gun and bottle of oxycodone were discovered approximately six months later among Boggs's deceased girlfriend's effects.

We will not assess the credibility of the witnesses or reweigh the evidence presented. See Wright, 828 N.E.2d at 906. The evidence we have described above constituted substantial evidence of probative value from which the jury could infer that Boggs was the man who robbed Walgreens's pharmacy while armed with a deadly weapon. See McHenry, 820 N.E.2d at 126. We conclude that Scales's testimony and the other evidence presented is sufficient to sustain the conviction.[1]

---

[1] Therefore, in response to Boggs's secondary argument, we also conclude Boggs's Fourteenth Amendment Due Process rights were not violated. Id.

6

## Conclusion

Sufficient evidence supports Boggs's conviction of armed robbery. The conviction is therefore affirmed.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.