**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Aug 17 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN WILLIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1112-CR-654 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Michael S. Jensen, Magistrate
Cause No. 49G20-1009-FB-73369

**August 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

John Willis sold a confidential informant ("CI") a rock of crack cocaine for $40. The State charged Willis with class B felony dealing in cocaine and class D felony possession of cocaine. During voir dire, Willis began to exhibit erratic and unusual behavior, and one of the prospective jurors wondered if he was on drugs. Willis's attorney requested that the trial court allow him to inform the jurors of Willis's mental health issues. The trial court denied the request because Willis had not asserted an insanity defense, but allowed counsel to determine whether the jurors could remain impartial despite Willis's behavior. Counsel was afforded an opportunity to strike any objectionable jurors. The trial court also asked whether Willis's counsel wanted a mistrial. Counsel declined the offer, and the trial continued. The jury found Willis guilty as charged.

On appeal, Willis asserts that the trial court's denial of his request to inform the jury about his mental health issues to explain his behavior denied him his right to an impartial jury. We disagree and therefore affirm.

## Facts and Procedural History

On August 27, 2009, Detective Bradley Thomas of the Indianapolis Metropolitan Police Department gave $40 to a CI to purchase drugs from no particular target. Willis approached the CI and asked if he wanted to purchase his bicycle for $5. The CI declined but expressed interest in purchasing $40 worth of cocaine. Willis walked up to the front door of a home on North Tibbs Street, briefly went inside, and then asked the CI for the $40. After the CI complied, Willis went back to the home and then asked the CI to accompany him to a

2

nearby alley, where he handed him a rock of crack cocaine. The CI then broke off a piece of the drug and shared it with Willis. Detectives recorded the entire buy through video surveillance and an audio recording device. Two officers of the Indianapolis Metropolitan Police Department later stopped, searched, and identified Willis. The CI then confirmed that Willis had sold him the drugs.

The State charged Willis with class B felony dealing in cocaine and class D felony possession of cocaine. Prior to trial, Willis filed a notice of insanity defense, but he withdrew his defense after two psychiatrists found no current mental health issues.

During voir dire, Willis, who has a history of schizophrenia, began to display bizarre behavior, including looking through an imaginary telescope, referring to Egyptian gods, and trying to communicate with the jurors. Willis's counsel asked the court for permission to address Willis's behavior and inform the jury of his mental health history. The trial court denied the request because Willis had not asserted an insanity defense. Later, one of the prospective jurors wondered if Willis was "on something right now." Tr. at 104. Willis's counsel asked the jurors if they could be impartial given Willis's behavior. Two jurors indicated that they could not absent an explanation for the behavior. Willis was afforded an opportunity to strike any objectionable jurors, but the record is silent as to whether he struck those particular jurors. The trial court also offered opportunities for Willis to request a mistrial, but Willis declined. The jury found Willis guilty as charged. This appeal ensued.

## Discussion and Decision

On appeal, Willis contends that the trial court denied him his right to an impartial jury when it prohibited him from informing prospective jurors during voir dire that he had a history of mental illness that would explain his bizarre behavior. The right to a fair trial before an impartial jury is the cornerstone of our criminal justice system. *Caruthers v. State*, 926 N.E.2d 1016, 1020 (Ind. 2010). Article 1, Section 13 of the Indiana Constitution and the Sixth Amendment of the United States Constitution protect this right. However, "a trial court has broad discretionary power to regulate the form and substance" of the voir dire of prospective jurors. *Perryman v. State*, 830 N.E.2d 1005, 1007-08 (Ind. Ct. App. 2005).

We conclude that Willis has waived his claim, for several reasons. Willis twice declined the opportunity to request a mistrial when offered by the trial court, and he had the opportunity to assess the juror's impartiality and strike any objectionable jurors. Moreover, Willis's counsel had the opportunity to correct any perceived bias by having Willis explain his behavior on direct examination.[1] And in closing argument, Willis's counsel attempted to portray Willis as a drug user, presumably in an effort to avoid a conviction on the class B felony dealing charge.

Waiver notwithstanding, we hold that the trial court did not abuse its discretion when it precluded Willis from indicating to the jury that he had a mental health issue to explain his behavior during voir dire. Our supreme court has said that "as a general proposition Indiana

---

[1] We also conclude that Willis has waived his claim under the doctrine of invited error. "[A] party may not take advantage of an error that [he] commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005). Willis cannot take advantage of any error that resulted from his bizarre behavior during voir dire.

has long held that a defendant may not submit evidence relating to mental disease or defect except through an insanity defense." *Marley v. State*, 747 N.E.2d 1123, 1128 (Ind. 2001). Here, Willis initially filed but then withdrew an insanity defense. As such, the trial court was well within its discretion in preventing Willis from discussing his mental health during voir dire. Additionally, when the prospective juror indicated that he thought that Willis was "on something right now" due to his unusual behavior, the trial court allowed Willis to voir dire on the jurors' ability to overlook his behavior and strike any objectionable juror. Tr. at 104. We believe that the trial court provided an appropriate balance in maintaining juror impartiality and not allowing Willis's mental condition to become an issue. Therefore, we find no abuse of discretion.

Affirmed.

BRADFORD, J., concurs.

VAIDIK, J., concurs in result.