**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JANE ANN NOBLITT**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN WAYNE MINOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A05-1111-CR-586 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-1108-FD-4226

**August 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Steven Wayne Minor appeals his conviction for domestic battery, as a Class D felony. Minor raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

In February of 2009, Minor began dating T.M.S. After a year of dating, T.M.S. moved into Minor's apartment to live with him in February of 2010. T.M.S. was financially dependent on Minor.

In June of 2010, the State charged Minor for battery against T.M.S. T.M.S. visited Minor in jail on Tuesdays until he was released in April of 2011. After his release, T.M.S. continued to live at Minor's apartment while Minor stayed in a room at a nearby Super 8 Motel.

On August 3, 2011, Minor invited T.M.S. to his room at the Super 8 Motel to "talk things out." Transcript at 174. T.M.S. stayed with Minor overnight, during which he verbally assaulted her and repeatedly demanded that T.M.S have sex with him, but she refused. Following a heated argument on August 4, Minor "backhanded" T.M.S. Id. at 188. T.M.S. tried to call 9-1-1, but Minor knocked the phone out of her hand and struck her over the head. Minor then grabbed T.M.S. around her neck such that she could not breathe, and she passed out. When she regained consciousness, Minor began pressing into her right eye with his thumb, threatening to "poke [it] out." Id. at 194. T.M.S. began screaming, and two men heard her from their location outside the motel room. The men intervened and, shortly thereafter, the police arrived.

2

On August 9, 2011, the State charged Minor with one count of domestic battery, as a Class D felony, and one count of domestic battery, as a Class A misdemeanor. The State also filed its Notice of Intent to Seek Enhanced Penalty Based Upon Prior Conviction. On August 23, 2011, the State charged Minor with strangulation, as a Class D felony; intimidation, as a Class D felony; and interference with the reporting of a crime, as a Class A misdemeanor.

On October 5, 2011, a jury convicted Minor of domestic battery, as a Class D felony; strangulation, as a Class D felony; intimidation, as a Class D felony; and interference with reporting of a crime, as a Class A misdemeanor. On November 2, 2011, the trial court sentenced Minor to three years for the domestic battery conviction, three years for the strangulation conviction, and three years for the intimidation conviction, with no time suspended, to be served in the Department of Correction. The trial court also sentenced Minor to eighty-nine actual jail days for the interference with reporting of a crime conviction, to be served in the Bartholomew County Jail. The domestic battery and strangulation sentences were to run concurrently and consecutive to the sentences for the intimidation and interference with reporting of a crime convictions. Minor now appeals.

## DISCUSSION AND DECISION

Minor contends that there is insufficient evidence to support his conviction for domestic battery, as a Class D Felony. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting

each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

To obtain a conviction for domestic battery under Indiana Code Section 35-42-2-1.3(a), the State was required to prove beyond a reasonable doubt that Minor knowingly or intentionally touched T.M.S., who is living or was living with Minor as if she were his spouse, in a rude, insolent, or angry manner, resulting in bodily injury. The statute further provides:

> In considering whether a person is or was living as a spouse of another individual for purposes of subsection (a)(2), the court shall review:
>
> (1) the duration of the relationship;
> (2) the frequency of contact;
> (3) the financial interdependence;
> (4) whether the two (2) individuals are raising children together;
> (5) whether the two (2) individuals have engaged in tasks directed toward maintaining a common household; and
> (6) other factors the court considers relevant.

Ind. Code § 35-42-2-1.3(c).

Here, Minor contends that there is insufficient evidence to support his conviction for domestic battery because T.M.S. did not live with Minor as if she were his spouse. But the State presented sufficient evidence to prove that element of the offense. Minor and T.M.S. dated on-and-off for approximately two and one-half years. T.M.S. moved into Minor's apartment in February 2010 and, at that time, their relationship became intimate. T.M.S. continued to reside in Minor's apartment after he was released from jail

4

in April 2011. Minor testified that after he was released from jail, he and T.M.S. planned "on leaving the state . . . to get away from everything and live a different life." Transcript at 368. On the date of the incident, T.M.S. went to Minor's hotel room at the Super 8 Motel specifically to "talk things out" about their relationship. Id. at 174.

Minor and T.M.S. had also remained in frequent contact. While Minor was in jail, T.M.S. "was coming up to visit [him] all the time" on Tuesdays. Id. at 367. Minor and T.M.S. also exchanged telephone calls "a few times" regarding how Minor "want[ed] to get back together" and T.M.S. visited Minor at his hotel room a couple of weeks prior to the incident. Id.

Further, Minor also provided financial support to T.M.S, as well as her son. T.M.S. was entirely dependent on Minor to pay the rent at his apartment, where she resided. At trial, T.M.S. testified that Minor "paid for everything" and "never wanted money from [her] for anything." Id. at 172. On at least one occasion, Minor also gave T.M.S.'s son money so he could pay his rent.

We hold that the State presented sufficient evidence to prove that Minor and T.M.S. had a continuous relationship, remained in frequent contact, and that Minor provided financial support for T.M.S. and her son. And the evidence supports a determination that T.M.S. was living as if she were Minor's spouse. Therefore, the evidence is sufficient to support Minor's conviction for Class D felony domestic battery.

Affirmed.

KIRSCH, J., and MAY, J., concur.

5