**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2013, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARVIN WILLIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1206-CR-273 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause Nos. 82D05-1110-CM-5526, 82D05-1105-CM-4101

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

In a consolidated appeal, Marvin Willis appeals two convictions for driving while suspended, as a Class A misdemeanor, following a bench trial. Willis presents a single issue for review, namely, whether the evidence is sufficient to support his convictions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 19, 2011, Officer Michael Ward was working as a motor patrol officer for the Evansville Police Department. At 11:00 that evening, he observed a black Pontiac Sunfire with an expired registration tag. After running the plate and confirming that the registration was expired, Officer Ward initiated a traffic stop. Officer Ward recognized Willis, informed him the reason for the stop, and issued a citation for "driving with license suspended prior and expired plates, as well as failure to provide proof of insurance." Appellant's App. No. 4101 at 59.[1] The State charged Willis with driving while suspended, as a Class A misdemeanor, in Cause Number 82D05-1108-CM-4101 ("Cause No. 4101").[2]

On September 30, 2011, Officer Cory Offerman of the Evansville Police Department initiated a traffic stop of a black Pontiac Sunfire near the intersection of Marshall and Conlin. Officer Offerman was working with a field training officer, who

---

[1] The record on appeal includes two sets of transcripts, one for each cause number below. Each bound set of transcripts includes multiple hearings with consecutively numbered pages, and some of the hearing transcripts are found in both bound sets. For clarity, we identify the transcript cited using the last four digits of the trial cause number.

[2] Willis has not included a copy of the charging information in the record on appeal. The State also charged Willis with driving with expired plates and failure to provide proof of insurance, but those charges were later dismissed.

2

had recognized Willis and knew that his license had been suspended. The officers confirmed the suspension with the BMV and issued a citation to Willis for "driving while suspended prior." Appellant's App. No. 5526 at 65. The State charged Willis with driving while suspended, as a Class A misdemeanor in Cause No. 82D05-1108-CM-5526 ("Cause No. 5526").

A consolidated bench trial was held in both cases October 24, 2011. At the conclusion, the trial court found Willis guilty of driving while suspended, as a Class A misdemeanor, in each case and sentenced him to time served. Willis now appeals both convictions.

## DISCUSSION AND DECISION

Willis appeals two convictions for driving while suspended, as Class A misdemeanors, in Case Numbers 4101 and 5526. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

To prove the offense of driving while suspended, as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Willis operated a motor vehicle on a highway when he knew his driving privileges had been suspended. See Ind.

3

Code § 9-24-19-3.  Willis claims upon appeal that the State's evidence did not establish that he knew his license was suspended.  We cannot agree.

The evidence shows that Willis drove on July 19 and September 30, 2011, despite the suspension of his license.  At trial Willis disputed the suspension, stating that he had been sentenced to a one-year suspension, which had expired on July 6, 2011, and he repeatedly denied that his license was suspended on the dates he was cited.  But his testimony belies that claim:

> Q:  It's your belief, based upon getting your insurance on the vehicle and registering the vehicle, and the fact that you thought the one[-]year license suspension was up, that you could validly drive that vehicle, correct?
> A:     Yes, sir, and at the same time trying to get to the courts to find out what was going on with the driving that all this came out, and getting out of prison just was a bit too much.
> Q:     Now we got this other date of September 30th.  The vehicle was properly registered then, correct?
> A:     Except for the . . .
> Q:     You had insurance on it, correct?
> A:     Correct.
> Q:     Was it your belief that you still had the right to drive that vehicle?
> A:     Correct, sir.  Even though I didn't get to the court like I was supposed to have.
> Q:     Is there anything else you wanna [sic] tell the Judge about this?
> A:     Someone needs to explain to me why it took ten months and a trial to find out why my license is suspended, sir.
>                                    * * *
> [on cross-examination]
> Q:     You said that you were convicted and suspended . . . your license was suspended on July the 6th, 2010?
> A:     Yes, ma'am.
> Q:     And it's your belief that that was a one[-]year . . .
> A:     If I refuse . . .
> Q:     . . . suspension?
> A:     . . . a breathalyzer that's my belief.
> Q:     And that's . . . it was your . . .
> A:     That's why my license would be suspended . . .
> Q:     But were you not . . .
> A:     . . . for that date.

4

Q: . . . were you not suspended later based upon another conviction?

A: July the 6th, 2010[,] is where all this come [sic] from when I was in prison.

Q: That was the date of your conviction.

A: No, November the 17th, 2010[,] I was sentenced by Judge Pigman in Branchville.

Q: What'd you say, again? November the . . .

A: November the 17th, 2010[,] I was sentenced by this judge.

Q: Okay.

A: For that reason.

Q: And you believe that that was . . .

A: That my license would be suspended for that refusal.

Q: . . . you believe that that was a one[-]year suspension?

A: For the refusal of an alcohol test, yes, ma'am.

Q: But you don't . . .

A: That's where these dates come in from that date right there.

Q: You don't recall the Judge suspending you for two years for the conviction?

A: I don't agree with it, ma'am.

Q: But you do recall him suspending you for two years for the conviction itself?

A: Well the law is the law. He can do what he wanna do [sic].

Q: Okay.

A: And my understanding is my understanding.

Q: You just don't agree with it. You remember it happening but you didn't agree with it?

A: I remember a breathalyzer refusal is a one[-]year suspension. That's what I know.

Q: Okay.

A: And I'll take this to a higher Court after this date, ma'am.

Q: Do you recall . . . here's my question, though.

A: I recall that.

Q: I know you're talking about . . .

A: I'm able to understand. I recall that.

Q: I'm asking you a little bit different question than about the refusal, though.

A: Okay.

Q: On that same day do you recall the Judge suspending you for two years based upon the driving while intoxicated having a prior? And that's a little bit different than asking you about suspension for refusing the breath test.

A: Well, ma'am, I'm taking this to a higher Court and that's what it's gonna be dealing with.

Q: I understand that's your right. I'm asking . . . I'm just asking you if you remember it?

A: I don't agree or however you wanna [sic] put it. I stand on that, ma'am.

Q: Okay, that's fine.

Appellant's App. No. 4101 at 73-77. Additionally, the trial court admitted into evidence Willis' official driving record, which shows that Willis' license was suspended effective November 17, 2010, for "prior OWI within 5 years" in Cause Number 82D02-1007-FD-688 ("Cause No. 688").

The evidence most favorable to the convictions shows that Willis was present in open court when he was sentenced to a two-year suspension and, therefore, was aware that his license had been suspended for two years, but planned to "take [it] to a higher court."[3] Appellant's App. No. 4101 at 77. He did not deny knowledge of the two-year license suspension for the second OWI offense. He merely disputed its legitimacy, stating his belief that his license should have been suspended for only one year because he had refused to take an alcohol breath test. The evidence shows that Willis was aware of the suspension and, therefore, the evidence is sufficient to support his convictions for driving while suspended in No. 4101 and No. 5526.

We affirm.

FRIEDLANDER, J., and BRADFORD, J., concur.

---

[3] There is no indication in the record on appeal that Willis timely appealed his OWI conviction in Cause No. 688.