ATTORNEY FOR APPELLANT
Karen C. Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Grant H. Carlton
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0404-CR-161

ROBERT WRIGHT,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion County Superior Court, No. 49G05-0211-FC-283362
The Honorable Nancy Broyles, Judge Pro Tempore

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0304-CR-188

**June 7, 2005**

**Sullivan, Justice.**

Robert Wright appeals convictions for burglary and theft, arguing that there is insufficient evidence in the record to support either conviction. The Court of Appeals found that the evidence in the record was sufficient to support both convictions and, furthermore, that the trial court had erred by merging the theft conviction into the burglary conviction. We agree that the evidence in the record is sufficient to support both convictions, but we find that because the of-

fenses were merged of the State's suggestion, the State cannot now claim that the merger was error.

## Background

Early in the morning of November 13, 2002, Indianapolis police officers were dispatched to a tobacco store shortly after the store alarm had been activated. A videotape taken by a surveillance camera inside the store showed a person inside wearing a dark hooded jacket or sweatshirt. The sleeves on the jacket contrasted with the rest of the jacket.

One of the officers saw Robert Wright and another man walking by railroad tracks near the store. The men told the officers conflicting stories about where they had previously been, and Wright, who was wearing a denim jacket with light-colored sleeves, attempted to conceal his identity when he was questioned about the burglary. The other officer observed the broken window at the tobacco store and found a box and a trash bag full of cartons of cigarettes in the area. Wright's fingerprints were found on one of the cartons of cigarettes.

The State charged Wright with theft and burglary. After a bench trial, the court convicted him on both charges but, at the recommendation of the State, merged the theft conviction into the burglary conviction. The court sentenced Wright to five years incarceration for the burglary conviction. Wright appealed, contending that the evidence was insufficient to support his convictions. The State appealed, contending that the trial court should not have merged the convictions after all.

The Court of Appeals found that there was substantial evidence of probative value to support the trial court's conclusion as to the convictions. The court also found that burglary and theft contain distinct elements and that the same evidentiary facts were not presented to the trial court to establish both offenses. The court thus concluded that the trial court erred by merging Wright's convictions for theft into his burglary conviction and remanded to the trial court with instructions to that effect. Wright v. State, 801 N.E.2d 742 (Ind. Ct. App. 2004).

We granted transfer, 812 N.E.2d 802 (Ind. 2004) (mem.), and now affirm the judgment of the trial court.

## Discussion

## I

Wright contends that neither his burglary nor his theft convictions were supported by sufficient evidence. When the sufficiency of the evidence to support a conviction is challenged, "we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Davis v. State, 813 N.E.2d 1176, 1178 (Ind. 2004). Accord, Litchfield v. State, 824 N.E.2d 356, 358 (Ind. 2005); McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005); Bald v. State, 766 N.E.2d 1170, 1173 (Ind. 2002); Tobar v. State, 740 N.E.2d 109, 111-12 (Ind. 2000). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, Davis, 813 N.E.2d at 1178, and we consider conflicting evidence most favorably to the trial court's ruling. Litchfield, 824 N.E.2d at 358 (citing Taylor v. State, 689 N.E.2d 699, 702 (Ind. 1997)).

Indiana Code Section 35-43-2-1 (2004) provides, "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Therefore, in order to convict Wright for burglary, the State bore the burden of proving that Wright broke and entered into the tobacco store with the intent to commit a felony therein, in this case, theft. The State presented evidence of a broken window, the videotape from the surveillance camera showing a person wearing the same clothes as Wright, and the fact that Wright attempted to conceal his identity to the officer who questioned him about the burglary.

Wright argues that because the color of the sleeves on the jacket of the person shown on the video is unclear, it is impossible to identify him positively as the person in the video. In order for that conclusion to be reached, the evidence would have to be reweighed. The Court of

Appeals correctly declined to do so, Wright v. State, 801 N.E.2d 742, 745, and we now do the same.

Indiana Code Section 35-43-4-2(a) (2004) provides, "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." Therefore, in order to convict Wright of theft, the State had to prove that he took the cartons of cigarettes found near him with the intent to steal them. The State presented evidence that Wright was found in the area near the tobacco store shortly after the alarm was activated and his fingerprints were on one of the cartons of cigarettes found in a bag outside the store.

In order to entertain Wright's assertion that this evidence is insufficient to prove that he committed theft, the evidence would have to be reweighed. Again, the Court of Appeals correctly declined to do so, and we decline as well.

We find that the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find Wright guilty of theft and burglary beyond a reasonable doubt. See Davis, 813 N.E.2d at 1178.

**II**

We now turn to the merger issue. The term "merger" in this context generally refers to a trial court's finding that a lesser-included offense is subsumed by or under the greater offense such that a judgment of conviction on only the greater offense is appropriate. See Carter v. State, 750 N.E.2d 778, 781 & n.8 (Ind. 2001).

The Court of Appeals found that the trial court erred by merging Wright's conviction for theft into his burglary conviction, and consequently remanded to the trial court with instructions to that effect. Wright, 801 N.E.2d at 746-47. In his Petition to Transfer, Wright argues that his separate theft and burglary convictions violate the Double Jeopardy Clause of the Indiana Constitution, and so the trial court's merger was appropriate. The State had argued before the Court

4

of Appeals that the trial court should not have merged Wright's theft conviction into his burglary conviction. The State had reasoned that the trial court presumably merged the convictions in order to avoid possible double jeopardy concerns.

Regardless of whether the trial court was wrong to merge the convictions, it is clear from the record that it did so at the State's suggestion:

> [STATE:] You honor, I'm asking for straight executed time in the Department of Corrections.
>
> THE COURT: How much?
>
> [STATE:] . . . I think six years is not inappropriate . . . . I'd also like to point out that I think that the Theft does merge in with the Burglary. . . .
>
> THE COURT: You agree that the Theft does merge?
>
> [STATE:] Yes.
>
> THE COURT: Okay. In that case then we should only show a conviction on Count One [Burglary]. Show Count Two [Theft] merging into One [Burglary].

Tr. at 119 (emphasis added). This excerpt from the record indicates that the State invited the trial court to merge the convictions and that the court did so upon the State's recommendation. Thus, the State may not now claim that this merger is erroneous. "The doctrine of invited error is grounded in estoppel." Witte v. Mundy, 820 N.E.2d 128, 133 (Ind. 2005) (citing Covert v. Boicourt, 93 Ind. App. 355, 361, 168 N.E. 198, 200 (1929)). Under this doctrine, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." Witte, 820 N.E.2d at 133-34 (citing Evans v. Evans, 766 N.E.2d 1240, 1245 (Ind. Ct. App. 2002) (citing in turn Crowl v. Berryhill, 678 N.E.2d 828, 830 (Ind. Ct. App. 1994); Beeching v. Levee, 764 N.E.2d 669, 674 (Ind. Ct. App. 2002))). Because the state created this situation by inviting the merger, it cannot now take advantage of that error on appeal. See Witte, 820 N.E.2d at 134.

**Conclusion**

We conclude that the evidence in the record is sufficient to support Wright's burglary and theft convictions, but that the State may not on appeal challenge the trial court's merger error, which it invited. We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.