Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 17 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. HARDTKE**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN ANDERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1109-CR-509 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1101-FB-1

**May 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Brian Andert appeals his convictions for three counts of sexual misconduct with a minor, as Class B felonies, following a jury trial. Andert presents two issues for review:

1. Whether the trial court abused its discretion when it admitted certain evidence as an exception to the hearsay rule under Evidence Rule 803(4).

2. Whether the evidence is sufficient to support Andert's convictions.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 31, 2010, Harold Davis rented a hotel room at the Inn at St. Mary's in St. Joseph County. Davis rented a room for his then fourteen-year-old daughter, D.D., and her friends to celebrate the New Year holiday. D.D.'s friends A.K., A.R., and A.D. were also there. At some point Davis picked up Andert, who was Davis' nephew and D.D.'s cousin. During the evening D.D. and others smoked a marijuana joint that was being passed around. At one point Andert and D.D. were by the ice machine. Andert offered D.D. his bottle of Mike's Hard Lemonade, and she took a sip. Andert then attempted to kiss D.D., but she "pulled away." Transcript at 169.

Davis' hotel room had two beds. In the early hours of January 1, 2011, everyone went to bed. Davis was on the bed closest to the window, A.P. was on the bed closest to the door, and A.R. and A.K. slept on the floor near the door. D.D. lay down to sleep between Davis's bed and the window to be near her charging cell phone, and Andert lay down nearby. At some point D.D. was in a "light sleep" when Andert "put his hands down the back of [her] pants and put his fingers in [her] vagina." Id. at 169-70.

2

Surprised, D.D. said "Huh-uh" (negative), "rolled away," and Andert took his hand out. Id. at 170. Five to seven minutes later Andert "fingered" D.D. again, and she moved to sleep under the desk by the head of Davis' bed. Id. D.D. fell into a light sleep and then "woke up to find him fingering [her] again," but this time he had "put his arm around [her] waist to keep [her] there." Id. at 171. D.D. "kept going 'Huh-uh' (negative) and . . . kept trying to move, and then he finally let go after about thirty to forty-five seconds." Id. D.D. wondered whether she was dreaming.

D.D. relocated to her former spot on the floor and fell into another light sleep. When she next woke Andert had his mouth on her vagina. D.D. "woke up more" and "really did pull away" and sat up leaning on the bed. Id. at 172. Andert moved away, and when D.D. thought he had fallen asleep, she lay down on her stomach next to her phone under the desk. D.D. next woke to find Andert lying on top of her back, moving his penis in and out of her vagina. Andert stopped and D.D. heard a crinkling sound. She fell back asleep but then woke to Andert penetrating her with his penis again. Andert then inserted his penis into D.D.'s anus, which caused D.D. to jump from pain. Andert moved to another part of the room to sleep.

D.D. went with one of her friends into the bathroom to smoke a cigarette. When the friend left the bathroom, D.D. locked the door and stayed inside. Andert attempted to enter the bathroom but D.D. would not unlock the door. D.D. eventually left the bathroom, let Andert in, and sunk down against the wall across from one of the beds crying. A.R. asked her what was wrong, and while the two walked to the ice machine,

3

D.D. told A.R. what Andert had done. A.R. retrieved the other teens from the room, and they went to the hotel lobby.

A.K. returned to the room and used a trash bag to retrieve a condom he had seen on the floor there. Eventually the police were called, D.D. was transported to the hospital, and A.K. gave the condom to police. At the hospital, D.D. was interviewed by hospital personnel about her encounter with Andert. A nurse conducted a sexual assault kit examination and noted injuries to D.D.'s vagina and anus.

The State charged Andert with sexual misconduct with a minor, as a Class B felony, and attempted sexual misconduct with a minor, as a Class C felony.[1] Prior to trial, the State added two additional counts of sexual misconduct with a minor, as Class B felonies. Following a jury trial, on May 18, 2011, the jury returned verdicts finding Andert guilty of the sexual abuse of a minor charges but not guilty of the attempted sexual abuse charge. At the sentencing hearing on September 7, the trial court entered judgment of conviction accordingly and sentenced Andert to ten years on each count, to be served concurrently.[2] Andert now appeals.

## DISCUSSION AND DECISION

### Issue One: Admission of Evidence

Andert first contends that the trial court erred when it admitted certain evidence. Our standard of review of a trial court's admission of evidence is an abuse of discretion.

---

[1] The attempt charge arises from A.R.'s allegation that she awoke during the same night to feel Andert's hand under her blanket pulling on her underwear. The victim in all other charges was D.D.

[2] Dates for the trial proceedings are based on the documentation included in appellant's appendix, but that information was not complete. Andert did not include a chronological case summary in the appendix even though such is required by Indiana Appellate Rule 50(B)(1)(a). We remind counsel to comply with this requirement in the future.

Edelen v. State, 947 N.E.2d 1024, 1027 (Ind. Ct. App. 2011) (citing Speybroeck v. State, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007)). A trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court. Id. (citation omitted). In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. Id. at 1027-28 (citing Dawson v. State, 786 N.E.2d 742, 745 (Ind. Ct. App. 2003), trans. denied).

Andert contends that the trial court abused its discretion when it admitted "a nurse's testimony that the victim, D.D., [had] told the nurse that Andert had perform[ed] sexual intercourse with her and placed his penis into her anus." Appellant's Brief at 8. But Andert does not provide citation to the nurse's testimony at issue in the argument section or anywhere else in his brief. See Ind. App. R. 46(A)(8)(a) (argument section of brief must contain contentions supported by cogent reasoning including citations to the record). Nor does Andert show that he preserved the issue for review by lodging a timely objection. See Cutter v. State, 725 N.E.2d 401, 406 (Ind. 2000) ("Failure to object to the admission of evidence at trial normally results in waiver and precludes appellate review unless its admission constitutes fundamental error."). As such, Andert has waived review of the court's admission of the nurse's testimony regarding D.D.'s statements.

### Issue Two: Sufficiency of Evidence

Andert next contends that the evidence is insufficient to support his conviction. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is

substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

Andert challenges the credibility of the State's witnesses, claiming that their testimonies were "filled with inherent inconsistencies." Appellant's Brief at 11. He also maintains that the State's witnesses testified that he was with both A.R. and D.D. but contends that "[t]his fact scenario begs the question that if Andert was with A.R. how could he have also been with D.D." Id. Both contentions amount to a request that we reweigh the evidence, which we will not do. See Wright, 828 N.E.2d at 905-06.

In addition, Andert questions the sufficiency of the forensic evidence. Specifically, he points out that an evidence technician checked the hotel room floor with an ultraviolet light and discovered no seminal fluid on the floor, where the condom had allegedly been found; that a forensic scientist testified that she had discovered no seminal fluid on the condom; and that the forensic DNA analyst had not factored in the familial relationship between Andert and D.D. when determining the statistical significance of the conclusions about the DNA sample examined. But Andert's sperm cells were found in D.D.'s vagina and on her external genitalia. Thus, Andert's arguments amount to a request that we reweigh the evidence. We will not do so. Id. Andert has not shown that the evidence is insufficient to support his convictions.

6

Affirmed.

RILEY, J., and DARDEN, J., concur.