**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILLIAN C. KEATING**
**CATHY M. BROWNSON**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EDGAR DUNCAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A04-1209-CR-450 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1205-CM-4461

**February 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Edgar Duncan appeals his conviction for operating a vehicle while intoxicated, as a Class C misdemeanor, following a bench trial. Duncan presents two issues for our review:

1.      Whether the trial court abused its discretion when it permitted a police officer to testify that, in his opinion, Duncan was intoxicated.

2.      Whether the State presented sufficient evidence to sustain his conviction.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

At approximately 10:30 a.m. on February 24, 2012, Duncan was driving on Cumberland Road in Noblesville when he turned onto Conner Street without using a turn signal. Noblesville Police Department Officer Eric Cunningham was patrolling the area in his vehicle when he observed Duncan make the turn without signaling, and Officer Cunningham proceeded to follow Duncan. Officer Cunningham then observed Duncan turn into a McDonald's parking lot without using a turn signal. Officer Cunningham then initiated a traffic stop in the parking lot.

Officer Cunningham approached Duncan and observed that Duncan's eyes were "slightly watery" and his speech was "slow and thick." Transcript at 14-15. In addition, Duncan had "some difficulty" getting his license out of his wallet. Id. at 14. Officer Cunningham asked Duncan whether he had had anything to drink or had taken any medication. Duncan responded that he had taken some anti-anxiety medication "on an

empty stomach[.]" Id. at 16. And Duncan stated that "he thought that was a mistake." Id.

Officer Cunningham proceeded to conduct three field sobriety tests on Duncan while he was still sitting in his vehicle. After Duncan failed all three tests, Officer Cunningham asked Duncan to get out of his vehicle to undergo additional testing "to determine whether or not he was impaired[.]" Id. at 19. Once outside the car, Duncan failed three more field sobriety tests. Because Officer Cunningham did not smell an odor of alcohol on Duncan, he did not suspect that Duncan was intoxicated on alcohol. Instead, Officer Cunningham asked Officer Joshua Blocher, a drug recognition expert who had arrived at the scene, to conduct a drug recognition evaluation ("DRE") on Duncan.

Officer Cunningham transported Duncan to the Hamilton County Jail. En route, Duncan told Officer Cunningham that he had taken one milligram of Risperdal[1] that morning. Duncan further stated that he "had a prescription [for Risperdal] in the past" but he had "run out" and had taken a pill "not prescribed by a doctor." Transcript at 30. Once at the jail, Officer Blocher conducted the DRE on Duncan, which involved several tests. Based on Duncan's performance on the tests and Duncan's statements, Officer Blocher concluded that Duncan was "under the influence of a depressant" which had impaired his driving. Id. at 57.

---

[1] Risperdal is the brand name of a medication known as risperidone.

The State charged Duncan with operating a vehicle while intoxicated, as a Class C misdemeanor. Following a bench trial, the trial court found Duncan guilty as charged and entered judgment of conviction and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

**Issue One: Admission of Officer Cunningham's Testimony**

Duncan first contends that the trial court abused its discretion when it permitted Officer Cunningham to testify that Duncan was intoxicated. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. McVey v. State, 863 N.E.2d 434, 440 (Ind. Ct. App. 2007), trans. denied. An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

Duncan maintains that, because Officer Cunningham testified that he "had no training in recognizing the impact of drugs, anti-anxiety medications, or mental health on impairment assessment", his opinion "could not be supported by a factual basis." Brief of Appellant at 10-11. And Duncan asserts that Officer Cunningham's "opinion of intoxication was not rationally based on the facts and thus did not comport with the requirements of Indiana Evidence Rule 701."[2] Id. at 11. Finally, Duncan contends that "such opinion without foundation served only to improperly raise a legal conclusion that Duncan was guilty of operating a vehicle while intoxicated." Id. We cannot agree.

Indiana Code Section 9-13-2-86 defines intoxicated as under the influence of alcohol or drugs "so that there is an impaired condition of thought and action and the loss

---

[2] Indiana Evidence Rule 701 provides that opinions by lay witnesses are limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

4

of normal control of a person's faculties." It is well settled in Indiana law that "a non-expert witness may offer an opinion upon intoxication, and a conviction may be sustained upon the sole testimony of the arresting officer." See Wright v. State, 772 N.E.2d 449, 460 (Ind. Ct. App. 2002). Impairment can be established by evidence of: (1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. Woodson v. State, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012), trans. denied.

Duncan's contention that only officers trained in drug recognition evaluation can testify regarding intoxication by drugs is simply without merit. Here, Officer Cunningham observed that Duncan had watery eyes, "slow and thick" speech, and impaired dexterity; was unsteady on his feet; and failed several field sobriety tests. Officer Cunningham testified that he "felt that [Duncan] was" intoxicated based on those observations. Transcript at 10. The trial court did not abuse its discretion when it permitted that testimony.

### Issue Two:  Sufficiency of the Evidence

Duncan also contends that the State presented insufficient evidence to support his conviction. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of

the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

Duncan maintains that the evidence is insufficient to show that he was intoxicated as contemplated in Indiana Code Section 9-30-5-2. As used in that statute, "intoxicated" is defined by Indiana Code Section 9-13-2-86 to mean

> under the influence of:
>
> (1) alcohol;
> (2) a controlled substance (as defined in IC 35-48-1);
> (3) a drug other than alcohol or a controlled substance;
> (4) a substance described in [Indiana Code Section] 35-46-6-2 or [Indiana Code Section] 35-46-6-3; or
> (5) a combination of substances described in subdivisions (1) through (4);
> so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.

"[I]mpairment of any of the three abilities necessary for the safe operation of a vehicle[, thought, action, or normal control of a person's faculties,] renders the operation of a vehicle dangerous." Curtis v. State, 937 N.E.2d 868, 873 (Ind. Ct. App. 2010) (emphasis in original).

> [A] person's unfitness to operate a vehicle, i.e., his impairment, is to be determined by considering his capability as a whole, not component by component, such that impairment of any of the three abilities necessary for the safe operation of a vehicle equals impairment within the meaning of [Indiana Code Section] 9-30-5-2. Indeed, one might argue that impairment of any of the three necessarily implies impairment of the others.

Id. (citations omitted) (emphasis in original). In other words, "impairment is established by proof of certain behaviors and traits evincing impairment, irrespective of whether that

6

evidence established particularized impairment of action, thought, and loss of control of faculties." Id. at 873-74 (emphasis in original).

Here, Officer Cunningham observed Duncan make two turns in his vehicle without using a turn signal. Officer Cunningham then observed that Duncan had difficulty getting his license out of his wallet; had "slow and thick" speech; had watery eyes; and failed several field sobriety tests. Duncan admitted to having ingested Risperdal, a prescription anti-anxiety medication, on an empty stomach. And Officer Blocher determined, after a battery of tests, that Duncan was impaired. Indeed, Duncan admitted to Officer Blocher that he had taken someone else's Risperdal and that "he shouldn't have been driving." Transcript at 56. The evidence is sufficient to support Duncan's conviction.

Still, Duncan contends that his "admission of taking a 1 milligram dose of Risperidone and his performance on field or DRE testing is not enough to satisfy the intoxication element." Brief of Appellant at 13. Duncan states further that "[t]here simply was no link made between Duncan's admission to taking Risperidone and the outcome of the field testing that sufficiently proved intoxication." Id. at 15.

First, to the extent Duncan maintains that the State was required to show evidence of Risperidone in his blood, it is well settled that circumstantial evidence is sufficient to prove operating a vehicle while intoxicated. See Jellison v. State, 656 N.E.2d 532, 535 (Ind. Ct. App. 1995). Further, again, Duncan admitted that he had ingested Risperidone, and the evidence shows that that medication is a "[central nervous system] depressant." Transcript at 57. And Officer Blocher testified that Duncan's test result in the

horizontal gaze nystagmus test was "consistent with someone [who is] under the influence of a depressant." Id. Duncan's admission, when combined with the fact that he failed the field sobriety tests and his physical symptoms, indicates that he suffered from a condition of thought and action and possibly the loss of normal control of his faculties. Such satisfied the definition of "impairment" under Indiana Code Section 9-13-2-86. The evidence is sufficient to prove beyond a reasonable doubt that Duncan operated a vehicle while intoxicated.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.