**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**PATRICK A. DUFF**
Duff Law, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Feb 28 2013, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY SZUCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1208-CR-403 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable J. August Straus, Magistrate
Cause No. 82D05-1110-CM-5388

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Anthony Szuch appeals his conviction for possession of marijuana, a Class A misdemeanor, contending the evidence was insufficient to support the conviction.

Our standard of review for a sufficiency of the evidence claim is well-settled: We will not reweigh the evidence or assess the credibility of witnesses; we will consider only the evidence most favorable to the judgment and the logical inferences that arise; and we will affirm if there is substantial evidence of probative value to support the judgment. *White v. State*, 846 N.E.2d 1026, 1030 (Ind. Ct. App. 2006).

To convict the defendant of possession of marijuana as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed marijuana. Ind. Code § 35-48-4-11. On appeal, Szuch does not contend that the evidence was insufficient to prove that the substance was marijuana, rather he contends that the evidence was insufficient to establish that he had actual or constructive possession of the substance.

Here, Evansville Police Officer Jared Lafollette and Evansville Police Detective Todd Seibert testified that, on October 7, 2011, they witnessed Szuch and two other individuals sitting on a curb. They saw Szuch place a green plastic sign on the ground. They saw a green leafy substance on the sign which they recognized as marijuana. A field test confirmed their recognition. Actual possession is direct physical control. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). The evidence presented was sufficient to support the trial court's finding of guilt. The fact that Szuch and one of the other individuals sitting on the curb during the incident testified that the marijuana belonged to the third individual is immaterial. We consider conflicting evidence in the

2

light most favorable to the trial court's finding. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). Based on the record before us, we conclude that the evidence was sufficient.

Affirmed.

MATHIAS, J., and CRONE, J., concur.