**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenberg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 08 2013, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD LINDSTROM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CR-739 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Master Commissioner
Cause No. 49F07-1206-CM-38717

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Chad Lindstrom appeals his conviction for battery, as a Class A misdemeanor, following a bench trial. Lindstrom presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2012, Lindstrom and Robert Beard, both employees of Shively's Lawn Care, were working together at a large residential complex in Greenwood. At approximately 10:45 a.m., just after Beard had taken a break to get a bottle of water, Lindstrom came up from behind him, knocked him to the ground, stepped on his hand, and punched him several times. Another coworker, Daniel Johnson, had observed Lindstrom approach Beard, but Johnson was on a mower and drove out of sight, around a house. As Johnson rode back into the view of the two men a short time later, he saw Lindstrom standing over Beard, who was on the ground. Johnson got off of his mower and went over to ask what had happened. Beard was holding his face and said that Lindstrom had "attacked" him. Transcript at 20. Johnson encouraged Beard to contact their boss, and Beard called the police.

The State charged Lindstrom with battery, as a Class A misdemeanor. The trial court found Lindstrom guilty as charged following a bench trial and entered judgment and sentence accordingly. This appeal ensued.

2

**DISCUSSION AND DECISION**

Lindstrom asserts that the State presented insufficient evidence to support his conviction. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

To prove battery, as a Class A misdemeanor, the State was required to show that Lindstrom knowingly, in a rude, insolent or angry manner, touched Beard which resulted in bodily injury to Beard. See Ind. Code § 35-42-2-1. Lindstrom's sole contention on appeal is that Beard's testimony is incredibly dubious and, as such, cannot support his conviction. Our supreme court has explained the incredible dubiosity rule as follows:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

Love v. State, 761 N.E.2d 806, 810 (Ind. 2002) (citations omitted).

The incredible dubiosity rule does not apply to Beard's testimony. Beard was not a "sole witness," and his testimony was not "inherently improbable . . . or coerced,

3

equivocal, [or] wholly uncorroborated." Id. Beard testified that he was on the ground as Lindstrom stood on his hand and punched him several times, causing injuries. And Beard's testimony was corroborated by circumstantial evidence. Johnson testified that he was on his riding mower when he saw Lindstrom approach Beard at the water truck. After Johnson made a loop around the nearby house, he then saw Lindstrom standing over Beard, who was on the ground. Beard was holding his face and told Johnson that Lindstrom had "attacked" him. Transcript at 20. In addition, after Jerry Shively, the owner of Shively's Lawn Care, arrived at the scene, Lindstrom told Shively that "he was sorry for everything." Id. at 28. The evidence is sufficient to support Lindstrom's conviction for battery, as a Class A misdemeanor.

Affirmed.

BAILEY, J., and BARNES, J., concur.