**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 02 2014, 8:45 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DORI NEWMAN**
Newman & Newman PC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NANETTE ZAWADZKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A04-1402-CR-91 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1302-FD-1546

**October 2, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Nanette Zawadzki (Zawadzki), appeals her conviction for theft, a Class D felony, Ind. Code § 35-43-4-2(a) (2009).

We affirm.

## ISSUE

Zawadzki raises one issue on appeal which we restate as follows: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain her conviction.

## FACTS AND PROCEDURAL HISTORY

On February 17, 2013, Zawadzki, empty handed and accompanied by her eleven-year-old daughter, went to the Kohl's Department Store in Westfield, Indiana. Zawadzki strolled around empty handed in the Kohl's store for about seven or eight minutes before entering the housewares department. Shortly thereafter, Zawadzki exited the housewares department carrying a box containing a memory foam mattress valued at $429.99. She then walked to the customer service line where she waited with a clearance curtain rod and the memory foam mattress. Lori Fraley (Fraley), Kohl's assistant manager, assisted Zawadzki with the purchase of the curtain rod. Fraley asked Zawadzki if she was returning the memory foam mattress, to which Zawadzki responded, "No. I purchased it at the Noblesville store." (Transcript. p. 155). Zawadzki also told Fraley that she wanted to do an "even exchange" for a memory foam mattress in another size, but the store did not have it. (Tr. p. 154). Based on her response, Fraley offered to look for it in the Kohl's system

because, at times, the store would keep some items stocked in the back. Fraley also asked Zawadzki if she had the receipt for the memory foam mattress. According to Fraley, Zawadzki was startled by the questions and appeared nervous. In response, Zawadzki told Fraley that she did not have the receipt and that she only wanted to do an even exchange of the memory foam mattress.

Based on the training she had with customers returning large priced items without receipts, coupled with Zawadzki's nervous demeanor, Fraley called the loss prevention department to investigate as to whether Zawadzki brought any merchandise with her into the store. Megan Van Nessa (Van Nessa), Kohl's loss prevention supervisor, reviewed the surveillance video.[1] Starting from the parking lot, the footage revealed an empty handed Zawadzki entering the store at approximately 4:38 p.m., walking around the store for several minutes, and emerging from the housewares department with a curtain rod and a memory foam mattress. Van Nessa also observed that Zawadzki did not leave or re-enter the store before checking out with Fraley at the customer service desk.

In spite of what she had seen, Van Nessa told Fraley to allow Zawadzki to exit the store. Kohl's policy is that once a customer exits through the first set of doors with unpaid merchandise, the customers is presumed to have stolen the items. Zawadzki walked to the exit and as she was just past the first set of doors, Van Nessa approached Zawadzki and explained to her that she was with the Kohl's loss prevention department, and asked Zawadzki to accompany her to the back office for questioning. At the loss prevention

---

[1] The Surveillance video is not part of the record, but was presented at trial.

office, Zawadzki repeatedly informed Van Nessa that she had bought the memory foam mattress from the Kohl's store in Noblesville and that she needed to make an even exchange. When Van Nessa threatened to call the police, Zawadzki started saying that she was sorry, however, Van Nessa had already called the police.

When the officers arrived, Zawadzki was crying and acting very erratic. Van Nessa showed the officers the Kohl's surveillance video which captured Zawadzki entering the store empty handed, entering the housewares department and exiting with a curtain rod and the memory foam mattress. Faced with overwhelming evidence, Zawadzki confessed to the officers that she had tried to leave with the memory foam mattress, and she had not paid for it. Because Zawadzki was with her minor child, the officers allowed Zawadzki to take her daughter home but they wrote her a summons.

On February 26, 2013, the State filed an Information, charging Zawadzki with Count I, theft, a Class D felony, I.C. § 35-43-4-2(a) (2009); and Count II, criminal tresspass, a Class A misdemenor, I.C. § 35-43-2-2(a)(1) (2009)[2]. On January 14, 2014, in open court, Zawadzki pled guilty to the criminal trespass charge. The same day, the trial court held a guilty plea hearing at which Zawadzki pled guilty to the criminal trespass charge and admitted the factual basis for her plea. In the end, the trial court accepted her guilty plea and scheduled her sentencing hearing for February 7, 2014. Still on the same day, the trial court held a jury trial for the theft charge. At the close of the evidence, the

---

[2] Zawadzki's criminal trespass charge originates from a no trespass agreement, which she signed on May 6, 2011. On that day, Zawadzki had stolen a bra from a Kohl's store. The store required her to sign a no trespass agreement, which prohibited her from entering a Kohl's store. On February 17, 2013, Zawadzki violated the Kohl's no trespass agreement by entering the Kohl's store in Westfield.

4

jury found Zawadzki guilty as charged. On February 7, 2014, the trial court sentenced Zawadzki to 730 days, with 670 days, suspended on Count I in the Indiana Department of Correction. As for Count II, the trial court sentenced Zawadzki to 365 days, all suspended, in the Hamilton County Jail.

Zawadzki now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Zawadzki argues that there is insufficient evidence to support the theft conviction. Our standard of review for sufficiency of the evidence cases is well established. We will not reweigh evidence or judge the credibility of witnesses, and we construe any conflicting evidence in favor of the verdict. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). The jury, as the trier of fact, is charged with deciding whether the evidence has sufficiently proven "each element of an offense." *Id*. So long as there is "substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt[,]" we will affirm the conviction. *Id*.

In order to obtain a conviction of theft in this case, the State must have established beyond a reasonable doubt that (1) Zawadzki (2) knowingly or intentionally (3) exerted unauthorized control over (4) property (5) of Kohl's (6) with the intent to deprive Kohl's of any part of its value or use. *See* I. C. § 35-43-4-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when

5

he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). To "exert control over property" means to "obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property." I.C. § 35-43-4-1(a). A person's control over the property of another person is "unauthorized" if it is exerted without the other person's consent. *See* I.C. § 35-43-4-l(b)(l).

Zawadzki first argues that the State failed to prove any elements of the charged offense. We disagree. As for the first element, at trial, all of the State's witnesses—Fraley, Van Nessa, and the officer—unequivocally identified Zawadzki. In proving that Zawadzki had knowingly or intentionally exerted unauthorized control over Kohl's merchandise, with the intent to deprive Kohl's of any part of its value or use, the State presented the following evidence: On February 17, 2013, Zawadzki went to the Kohl's store in Westfield. Zawadzki was empty handed when she entered the Kohl's store. She walked around the store for about seven to eight minutes before entering the housewares department. Shortly thereafter, she exited the department carrying a curtain rod and a memory foam mattress. At trial, Fraley testified that Zawadzki appeared nervous when she asked her if she had the receipt. Van Nessa also testified that although the surveillance video had problems, she was able to track Zawadzki's movements in the store, and she confirmed that Zawadzki entered the store empty handed. In spite of the fact that Zawadzki had shoplifted the memory foam mattress, Van Nessa and Fraley allowed Zawadzki to exit the store with it. Once Zawadzki was past the first set of doors, and past all the cashier registers located in the vestibule area, Van Ness approached Zawadzki and asked her to

accompany her to the back office. Upon questioning Zawadzki, and after Van Ness threatened to call the police, Zawadzki apologized for her actions. Also, when officers viewed the surveillance video, it confirmed that Zawadzki had stolen the memory foam mattress. In addition, Zawadzki confessed to the officers that she had taken the memory foam mattress and had not paid for it.

On considering all of this evidence, the jury determined that the evidence was sufficient to show that the Zawadzki knowingly or intentionally exerted unauthorized control over the property of Kohl's by taking the memory foam mattress without Kohl's consent, thus satisfying the statutory requirements for theft. Zawadzki's version that she was by the exit door and had not fully exited the store, or that she did not have the intention of exerting unauthorized control over the memory foam mattress is an invitation for this court to reweigh the evidence and assess the credibility of the witnesses, which we decline to do. *See Wright*, 828 N.E.2d at 906. In conclusion, we find that the State presented sufficient evidence to sustain Zawadzki's conviction for theft.

<u>CONCLUSION</u>

Based on the foregoing, we conclude that the State presented sufficient evidence to support Zawadzki's conviction for theft.

Affirmed.

MATHIAS, J. and CRONE, J. concur

7