## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Shoaf
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roderic Jernigan, Sr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 30, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-689 <br><br> Appeal from the Bartholomew <br> Superior Court <br><br> The Honorable James D. Worton, <br> Judge <br><br> Trial Court Cause No. <br> 03D01-1512-F6-6335 |

**Crone, Judge.**

[1] Roderic Jernigan, Sr., appeals the revocation of his probation. We affirm.

[2] In August 2016, pursuant to a plea agreement, Jernigan pled guilty to level 6 felony operating a vehicle with an alcohol concentration equivalent of .15 or more and class C misdemeanor possession of paraphernalia. The trial court sentenced Jernigan to two years for the level 6 felony conviction, with all but five days suspended, and to a concurrent sentence of one year of probation for the class C misdemeanor conviction. Jernigan was also ordered to serve sixty days of electronic monitoring.

[3] In October 2016, the State filed a probation revocation petition, alleging that Jernigan tested positive for alcohol and failed to report to community corrections for electronic monitoring. In November 2016, Jernigan admitted to violating probation and entered into an agreement with the State, which provided that if he successfully completed the Veterans Treatment Court ("VTC") program, the probation revocation petition would be dismissed, and if he was terminated from the VTC program, the trial court would then determine the appropriate sanction for his probation violations.

[4] The trial court gave Jernigan permission to travel to California from December 23, 2016 to January 2, 2017 to celebrate Christmas with his family. However, in January 2017, Jernigan missed an appointment with his case manager and failed to attend a status hearing. In December 2017, Jernigan was arrested in Arizona and returned to Indiana.

[5] In January 2018, the State filed a notice of VTC violations, alleging that Jernigan had failed to attend appointments with his case manager, attend court hearings, and return to Indiana after receiving permission to leave the state to visit his family. Following a hearing, the trial court issued an order finding that Jernigan violated the conditions of the VTC program and terminating his participation therein. The trial court then held a dispositional hearing on the probation revocation petition. At the start of the hearing, Jernigan's attorney stated, "[M]y client is agreeable to eighteen months executed." Tr. Vol. 2 at 19. Jernigan was physically present and did not offer any objection. The trial court then ordered Jernigan to serve eighteen months, which represents the balance of his sentence, in the Bartholomew County Jail.

[6] Jernigan now appeals the revocation of his probation. Because Jernigan agreed to serve the balance of his sentence, if there was any error it was invited and therefore not subject to reversal. *See Brantley v. State*, 91 N.E.3d 566, 573 (Ind. 2018) ("[T]he doctrine of invited error prevents a party from taking advantage of an error she 'commits, invites, or which is the natural consequence of her own neglect or misconduct.'") (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). Accordingly, we affirm.

[7] Affirmed.


Najam, J., and Pyle, J., concur.