## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2020, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian L. Port,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 30, 2020<br><br>Court of Appeals Case No.<br>20A-CR-854<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1903-F5-31 |

**Crone, Judge.**

## Case Summary

Brian L. Port appeals his conviction for level 5 felony possession of child pornography depicting or describing a child under the age of twelve. He argues that the trial court abused its discretion regarding discovery by not granting his request for the State to produce a copy of a digital file with the child pornography redacted. He also argues that there was insufficient evidence to establish that any of the children were under the age of twelve. We affirm.

## Facts and Procedural History

At all times relevant to this appeal, Port owned a Google Account with the email address BrianPort40@gmail.com. The account included several Google services, such as Gmail, Google Cloud, and Google Photos. The Google Photos application had a feature that automatically uploaded images from authorized devices into an "Instant Upload" folder. Tr. Vol. 3 at 65. On April 2, 2018, child pornographic images were automatically uploaded to Port's Instant Upload folder. *Id*. at 66-67, 226. On April 9, 2018, additional child pornographic images were automatically uploaded into Port's Instant Upload folder. That same day, a new "Untitled Album" was created in Port's Google Photo account, and four images were moved into that folder. *Id*. at 26-28. Google identified two of the images uploaded to Port's Google Photo account as child pornography based on information Google received from the National Center for Missing and Exploited Children (NCMEC). Google immediately terminated Port's account.

[3] On July 11, 2018, NCMEC informed the Tippecanoe County Prosecutor's Office that Google had identified two child pornographic images in Port's account. The information provided by NCMEC included Port's name, email address, internet protocol (IP) address, phone number, and two images of suspected child pornography. Tr. Vol. 2 at 231-33. The office's director of forensic investigation Sean Leshney requested additional records from Google that Google provided on an encrypted USB drive. *Id*. at 245. Leshney decrypted the Google USB drive using a password emailed to him from Google. The Google USB drive contained Google's certificate of authenticity, "hash" records of the uploaded pictures,[1] and records from Port's account, including "[e]mails, contacts, subscriber information, Google Drive, Google Photos, search history, location history, [and] device information." *Id*. at 246-48. The Google USB drive also contained six child pornographic images that were uploaded to Port's account on April 2 and 9, 2018. Tr. Vol. 3 at 16, 18. Leshney sent those six images to NCMEC, and NCMEC verified that four of the six images were known victims from prior investigations. *Id*. at 56.

[4] Leshney ultimately discovered Port's home address and that Port's phone number was associated with a Verizon cellphone. Leshney obtained a search

---

[1] Leshney explained,

> Hashing a file is the way [that] we uniquely identify a file. It could be any type of file, from an image, a Word document, a zip file, every bit of that file, the contents of the file was run through a mathematical algorithm and it spits out a 32 value. It is extremely unique. [There are] different levels of hashing, and so if you change one pixel, one byte within that file, it completely changes the hash of that file.

Tr. Vol. 2 at 247.

warrant to search Port's home. During the search, police officers found in Port's outdoor grill some pieces of the Samsung cellphone that Verizon records showed that Port had been using when the child pornography was uploaded into his Google Photos account. The phone had been disassembled and was missing its motherboard, memory chip, and screen. *Id.* at 170.

[5] On March 13, 2019, the State charged Port with two counts of possession of child pornography, one as a level 5 felony and the other as a level 6 felony. The State later filed an information alleging that Port is a habitual offender.

[6] Port filed a request for production of electronically stored information, seeking an order that the State provide him, on a flash drive, a copy of the contents of the Google USB drive with the pornographic images redacted. Appellant's App. Vol. 2 at 66-67. The State filed a motion to quash, asserting that the State had already permitted Port's counsel to inspect the contents of the Google USB drive on two occasions and had provided him a disc with requested content from the Google USB drive, which included "album photo data, account information, location history, search terms (in both text and Word format), instant upload data, untitled photo data, and Google's Certificate of Authenticity with hash value information." *Id.* at 68. The State informed the trial court that it had not provided some information, including "the zip files, which contain child pornography, [Port's] emails, and [Port's] photos/Google albums, which contain child pornography and other images." *Id.* at 69.

[7] The trial court held a hearing on the matter, at which Port testified that he wanted to look at the images on the Google USB drive to get some idea of where the child pornography was and determine whether there were things uploaded to his account that somebody else had uploaded. Tr. Vol. 2 at 69. After a discussion with the trial court and the prosecutor, Port's counsel agreed that it "would work" if Port, Port's counsel, and Port's expert were allowed to view the Google USB drive at the jail with the prosecutor or Leshney present. *Id*. at 78. The trial court issued an order denying the State's motion to quash and ordering the State to provide an opportunity for Port, his counsel, and his expert to "inspect, review, or examine" the Google USB drive, including files that may contain child pornography, at the Tippecanoe County Jail with a representative of the prosecutor's office present. *Id*. at 79; Appellant's App. Vol. 2 at 76-77. The trial court found that the order was justified to give Port "an opportunity to prepare his defense and understand when or how the materials may have been downloaded into his account." Tr. Vol. 2 at 79.

[8] At Port's jury trial, an unencrypted version of the contents of the Google USB drive created by Leshney was admitted at Port's trial. Ex. Vol. 5 at 32 (State's Ex. 3A). In addition, six child pornographic images that were uploaded to Port's Google account on April 2 and 9, 2018, were admitted and published to the jury. *Id*. at 75 (State's Ex. 3J). A detective specializing in crimes against children testified that he believed that the children in the pictures were "ten or under" based on their "development …, facial features, [and] … smaller stature." Tr. Vol. 3 at 118. During closing argument, the prosecutor argued to

the jurors to use their "common sense" and their "life experiences in dealing with children" to determine whether the children were under the age of twelve. Tr. Vol. 4 at 57. The prosecutor asked the jurors to consider the children's size, physical development, and facial features, including the "baby fat in their faces." *Id.*

[9] The jury found Port guilty of both counts of child pornography. At a bench trial, Port was found to be a habitual offender. The trial court concluded that the level 6 felony was a lesser included offense of the level 5 felony and entered judgment of conviction for the latter. The trial court then sentenced Port to five years, plus a three-year enhancement for being a habitual offender, for a total of eight years, with three years suspended to probation. This appeal ensued.

## Discussion and Decision

## Section 1 – Port invited any error in the trial court's discovery ruling.

[10] Port first contends that the trial court "erred in refusing to order the State to provide copies of all files in reliance on [Indiana Code Section] 35-36-10-4." Appellant's Br. at 13. We think the issue is appropriately framed as whether the trial court abused its discretion in granting Port, his counsel, and his expert the opportunity to examine the contents of the Google USB drive at the Tippecanoe County Jail with a representative of the prosecutor's office present. We observe that trial courts have broad discretion in ruling on issues of discovery. *Beville v. State*, 71 N.E.3d 13, 18 (Ind. 2017). "On review, [an

appellate court] presume[s] that the trial court's decision is correct, and the party challenging the decision has the burden of persuading us that the trial court abused its discretion." *State v. Pelley*, 828 N.E.2d 915, 923 (Ind. 2005).

[11]    Discovery of child pornography in criminal proceedings is governed by Indiana Code Chapter 35-36-10. "In any criminal proceeding, material constituting child pornography must remain in the custody of the state or the court." Ind. Code § 35-36-10-3. In addition,

> A court shall deny any request by the defendant in a criminal proceeding to copy, photograph, duplicate, or otherwise reproduce any material that constitutes child pornography if the state provides *ample* opportunity for inspection, viewing, and examination of the material by:
>
> > (1) the defendant;
> >
> > (2) the defendant's attorney; and
> >
> > (3) any individual the defendant seeks to qualify as an expert; at a state or local court or law enforcement facility as provided in section 5 of this chapter.

Ind. Code § 35-36-10-4 (emphasis added). And finally, "A court may permit a defendant to inspect, view, and examine material that constitutes child pornography at a state or local court or law enforcement facility if the defendant

demonstrates that inspecting, viewing, and examining the material is necessary to the defendant's defense." Ind. Code § 35-36-10-5(a).[2]

[12] Port seems to be arguing that (1) he was denied an "ample opportunity to inspect" the Google USB drive because the trial court permitted a representative of the prosecutor's office to be present at the jail during Port's inspection and (2) he was denied his constitutional right to present a defense because he was not provided with a copy of the contents of the Google USB drive with the child pornographic images redacted. We begin by noting that at the hearing on the matter, Port specifically agreed that allowing a representative from the prosecutor's office to be present during Port's examination of the Google USB drive would satisfy his needs:

> THE COURT: Would this all be shortcutted [sic] if I allow the Defendant to view it directly and have [the prosecutor] or Mr. Leshney go down to the jail with [defense counsel] and view it all under a protective order as provided in [Section 35-36-10-5]? [Defense Counsel], does that get you … access to the same information you're looking for without having to redact it?
>
> [DEFENSE COUNSEL]: That would satisfy that, but there's another aspect to this. … [S]ince [Mr. Leshney] can't be my computer expert, we may have our own computer expert …

---

[2] If a court permits a defendant to inspect, view, and examine material that constitutes child pornography, the court must issue a protective order with respect to the material in compliance with Indiana Code Section 35-36-10-5(b), which the trial court did in this case.

[who] maybe can go … up to [the prosecutor's] office and inspect it up there at a later date.

[PROSECUTOR]: And we don't have a problem with their experts coming up to our office with [defense counsel.]

….

[DEFENSE COUNSEL]: …. [O]kay, yes. Then what you're proposing, Judge, would work. Go down to the jail and allow [Port] to see it, and then if our expert needs to look at it, we'll go up to the Prosecutor's office[.]"

THE COURT: Again? Twice? I think we should do it just once. If you have an expert, have the expert, the Defendant, everybody available one time to take a look at it all at the same time. I mean, how many bites of the apple do you want at this thing is what I'm saying.

Tr. Vol. 2 at 77-78. Defense counsel indicated that he was not sure whether an expert could "sit down there and just in real-time figure all this stuff out or if he needs to work with it," but they would try. *Id*. at 78-79.

[13] Given that Port's counsel affirmatively informed the trial court that Port's needs would be satisfied by making the Google USB drive available to him for examination with the prosecutor present, and that they would try to bring their expert to the jail for examination of the Google USB drive at the same time, we conclude that any alleged error arising from the procedure ordered by the trial court is invited. The invited error doctrine, which is based on the legal principle of estoppel, "forbids a party from taking 'advantage of an error that she

commits, invites, or which is the natural consequence of her own neglect or misconduct.'" *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). A "passive lack of objection," standing alone, does not constitute invited error. *Batchelor v. State*, 119 N.E.3d 550, 558 (Ind. 2019) (quoting *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014)*, cert. denied* (2015)). Rather, "to establish invited error, there must be some evidence that the error resulted from the appellant's affirmative actions as part of a deliberate, 'well-informed' trial strategy." *Id*. (quoting *Brewington*, 7 N.E.3d at 954). Here, the procedure was part of a deliberate and informed resolution of Port's discovery request and thus meets the standard for invited error.

[14] Even if any alleged error was not invited, Port's argument is meritless. First, in his argument, Port completely fails to acknowledge that when he requested production of a copy of the Google USB drive, his counsel had already had two opportunities to fully examine it. Further, while Port concedes that the State provided a disc with some of the information from the Google USB drive to his counsel, Port avoids disclosing what that information was. In fact, the disc contained information requested by defense counsel after counsel had examined the Google USB drive twice. This information included "album photo data, account information, location history, search terms (in both text and Word format), instant upload data, untitled photo data, and Google's Certificate of Authenticity with hash value information." Appellant's App. Vol. 2 at 68. After all this discovery, the trial court responded to Port's discovery request by ordering the State to provide Port, his counsel, and his expert an opportunity to

examine the contents of the Google USB drive. Port does not claim that his expert was unable to come to the jail to examine the Google USB drive or that his expert examined the Google USB drive at the jail and was unable to provide the assistance that Port needed to present a defense. Accordingly, Port cannot carry his burden to persuade us that the trial court abused its discretion regarding discovery.

## Section 2 – The evidence is sufficient to support Port's conviction.

Port also challenges the sufficiency of the evidence supporting his conviction. In reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence that supports the judgment and the reasonable inferences arising therefrom. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). It is "not necessary that the evidence 'overcome every reasonable hypothesis of innocence.'" *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995)). "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Bailey*, 907 N.E.2d at 1005.

To convict Port of level 5 felony possession of child pornography, the State was required to prove beyond a reasonable doubt that Port

> knowingly or intentionally possesse[d] or accesse[d] with intent
> to view … a picture, a photograph, a motion picture, a videotape,
> a digitized image, or a pictorial representation … that depicts or

describes sexual conduct by a child … who [Port knew] is less than eighteen (18) years of age or who appears to be less than eighteen (18) years of age, and that lacks serious literary, artistic, political, or scientific value" and the "the child whose sexual conduct is depicted … is less than twelve (12) years of age[.]

Ind. Code § 35-42-4-4(d), -(e)(1)(F). Port's sole challenge is to the State's proof that any of the children were less than twelve years old.

[17] In *Bone v. State*, 771 N.E.2d 710 (Ind. Ct. App. 2002), the defendant challenged his conviction for possession of child pornography depicting or describing sexual conduct by a child who is less than sixteen years old or who appears to be less than sixteen years old. He argued that the State failed to produce sufficient evidence of the victims' ages. *Id*. at 717. Another panel of this Court concluded,

> Herein, an assessment as to the girl's age is not only a matter of common sense but also the trier of fact may take into account her overall appearance, including the developmental stage of the girl based upon her breasts, body hair, and other anatomical features. While it is possible that not all the girls were children under the age of sixteen, we cannot say that no reasonable [factfinder] could find beyond a reasonable doubt that at least one was of a child under the age of sixteen. Therefore, we find sufficient evidence to support Bone's conviction.

*Id*.

[18] At Port's trial, the images alleged to be child pornography depicting or describing a child under the age of twelve were admitted and published to the jury. The State argued to the jurors that they were able to use their common

sense to determine whether the children were less than twelve years old by considering the children's size, physical development, and facial features. Having reviewed the record before us, we cannot say that no reasonable factfinder could find beyond a reasonable doubt that at least one, if not all, of the children were under the age of twelve.[3] Accordingly, we affirm Port's conviction for level 5 felony possession of child pornography.

[19]     Affirmed.

Robb, J., and Brown, J., concur.

---

[3] We acknowledge that the applicable statute in *Bone* provided that a person committed that offense where the child was less than or appeared to be less than the age of sixteen. Here, the statute differs in that it requires that the child depicted or described be less than twelve. Given the appearance of the children as shown in the images admitted and published to the jury and included in the record on appeal, we do not believe there is any appreciable possibility that all six children appear to be less than twelve but are actually older.