**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 26 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANDREW D. FISHER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 38A04-1301-CR-41 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE JAY CIRCUIT COURT
The Honorable Brian D. Hutchison, Judge
Cause No. 38C01-1209-FA-13

**August 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Andrew D. Fisher ("Fisher") appeals his conviction of attempted murder as a Class A felony,[1] contending that the evidence was insufficient to sustain his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In early September 2012, Fisher was close friends with his neighbor Juan Alcazar ("Alcazar"), and the two had a mutual friend, Robert Lyons ("Lyons"). On the evening of September 3, 2012, Fisher went to Lyons's house, angry and upset over Alcazar's involvement with Fisher's girlfriend. Fisher told Lyons that he was going to confront Alcazar and "beat his ass." *Tr.* at 48, 49. That evening, Fisher consumed alcohol and Valium, and went to Alcazar's house around 11:00 p.m. When Alcazar answered the door and saw Fisher standing there, he asked what Fisher wanted. Fisher did not respond. Alcazar indicated that he had to wake up early for work, and Fisher repeatedly asked for alcohol. Alcazar told Fisher that he did not have alcohol and that he had to sleep. When Fisher asked if he could come inside, Alcazar said no.

Alcazar tried to persuade Fisher to leave, then attempted to shake Fisher's hand and close the door, when Fisher stabbed Alcazar in the neck with a kitchen knife, just above his Adam's apple. Fisher then stabbed Alcazar a second time in the neck. As Alcazar ran toward the kitchen, Fisher stabbed him in the back. Alcazar picked up a kitchen chair to fend off Fisher, but Fisher continued to stab Alcazar twice in the face, in the back of the head, in his left and right arms, and in the shoulder. After stabbing Alcazar multiple times, Fisher stopped and told him he did this because Alcazar was with

---

[1] *See* Ind. Code §§ 35-41-5-1, 35-42-1-1.

his girlfriend.  Just before leaving, Fisher said "next time you [sic] going to die."  *Tr.* at 35.  In all, Alcazar sustained approximately eight penetrating stab wounds, including five wounds to the head, neck, and face.

After Fisher left, Alcazar called 911.  Alcazar had difficulty breathing, was bleeding heavily, and thought he was going to die.  Officer Judson Wickey of the Portland Police Department responded to the dispatch, observed Alcazar's injuries, and obtained a verbal statement from Alcazar in case Alcazar did not survive.  Alcazar identified his assailant, and another officer, Dustin Mock, went to Fisher's residence.  While there, Officer Mock retrieved a kitchen knife that Fisher later admitted was the knife he used to stab Alcazar.

The State charged Fisher with attempted murder as a Class A felony.  A jury found Fisher guilty, and the trial court sentenced Fisher to an executed sentence of thirty years.  Fisher now appeals.

## DISCUSSION AND DECISION

Fisher contends that the evidence was insufficient to support his conviction, asserting that there was no explicit evidence presented to show he acted with specific intent to murder Alcazar.  Fisher points to his statement, "next time you going [sic] to die," as indicative that he did not intend to kill Alcazar.  *Tr.* at 35.

In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or judge the credibility of the witness.  *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005).  When we are confronted with conflicting evidence, we must consider it most favorably to the conviction..  *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).  We must affirm if the

3

probative evidence and reasonable inferences drawn from that evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).

Indiana Code section 35-41-5-1 provides in relevant part that "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1(a). A person who knowingly or intentionally kills another human being commits murder. *See* Ind. Code § 35-42-1-1. An attempt to commit murder is a felony. *See* Ind. Code § 35-41-5-(a). Thus, to convict Fisher of Class A felony attempted murder, the State was required to prove beyond a reasonable doubt that Fisher knowingly or intentionally engaged in conduct that constituted a substantial step toward the commission of the crime of murder. *See* Ind. Code §§ 35-41-5-1, 35-42-1-1.

A conviction of attempted murder requires proof of a specific intent to kill. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). An intent to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or serious injury. *Id.*; *see also Mendenhall v. State*, 963 N.E.2d 553, 568 (Ind. Ct. App. 2012).

The evidence most favorable to the jury's verdict shows that Fisher was angry at Alcazar for his alleged involvement with Fisher's girlfriend. Fisher went to Alcazar's house armed with a knife and stabbed Alcazar repeatedly, with the first two wounds being to Alcazar's throat. Viewed consistently with our standard of review, the evidence is sufficient to establish that Fisher had a specific intent to kill when he stabbed Alcazar.

4

A jury could have inferred this specific intent because Alcazar "deliberate[ly] use[d] a deadly weapon in a manner likely to cause death or serious injury." *Henley*, 881 N.E.2d at 652. Fisher's contention is merely a request to reweigh the evidence, which we will not undertake upon review. *Wright*, 828 N.E.2d at 906.

Affirmed.

ROBB, C.J., and RILEY, J., concur.