**Albert BOYD, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 03A01–0701–CR–1.**

Court of Appeals of Indiana.

May 25, 2007.

Donald S. Edwards, Columbus, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Albert Boyd appeals his conviction for Class A misdemeanor battery. We affirm.

### Issue

Boyd raises one issue, which we restate as whether the trial court properly admitted a statement made by the victim, Ruth Boyd, Boyd's deceased wife.

### Facts

On April 20, 2005, Boyd and Ruth were involved in a physical alteration. Boyd hit Ruth on her arms, back, and face. On April 23, 2005, Ruth reported the incident to police and gave them a statement describing the incident. On May 5, 2005, the State charged Boyd with Class A misdemeanor battery resulting in bodily injury. A trial was scheduled for March 17, 2006. However, on January 31, 2006, Boyd murdered Ruth, and the battery trial was postponed. On August 9, 2006, a jury convicted Boyd of murder.

On December 12, 2006, a bench trial was held on the battery charge. Prior to the trial, a hearing was held regarding the admissibility of Ruth's April 23, 2005 statement to the police concerning the battery. The trial court concluded that, by murdering Ruth, Boyd forfeited his right to confront Ruth as a witness against him and

waived his right to object to the admission of her statement on hearsay grounds. The trial court then found Boyd guilty of Class A misdemeanor battery. Boyd now appeals.

### Analysis

Boyd first argues that Ruth's statement was improperly admitted into evidence in violation of his Sixth Amendment Confrontation Clause rights. "The Confrontation Clause of the Sixth Amendment provides: 'In all criminal prosecutions the accused shall enjoy the right ... to be confronted with the witnesses against him.' " *Davis v. Washington*, —— U.S. ——, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006). In *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 1365, 158 L.Ed.2d 177 (2004), the Supreme Court held that this provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."

As the *Crawford* court recognized, however, the right to confront witnesses is not unlimited. For example, the rule of forfeiture by wrongdoing, which the court accepted, extinguishes confrontation claims on essentially equitable grounds. *Crawford*, 541 U.S. at 62, 124 S.Ct. at 1370. The Supreme Court has explained:

> The Constitution gives the accused the right to a trial at which he should be confronted with the witnesses against him; but if a witness is absent by his own wrongful procurement, he cannot complain if competent evidence [1] is ad-

---

1. Boyd summarily contends, "The taped statement of Ruth Boyd was made a part of the police investigative report. Police investigative reports do not meet the requisite 'competent evidence' for admission as evidence over

proper objection...." Appellant's Br. p. 8 (citation omitted). Boyd's failure to provide us with cogent argument regarding what is "competent evidence" waives this issue. *See Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind.

mitted to supply the place of that which he has kept away. The Constitution does not guarantee an accused person against the legitimate consequences of his own wrongful acts. It grants him the privilege of being confronted with the witnesses against him; but if he voluntarily keeps the witnesses away, he cannot insist on his privilege. If, therefore, when absent by his procurement, their evidence is supplied in some lawful way, he is in no condition to assert that his constitutional rights have been violated.

*Reynolds v. U.S.*, 98 U.S. 145, 158, 25 L.Ed. 244 (1878). Our supreme court has also recognized that a defendant can forfeit the right to confrontation. *See Fowler v. State*, 829 N.E.2d 459, 470 (Ind.2005) ("By choosing to allow Roar to leave the witness stand without challenging her refusal to answer questions on cross-examination and then choosing to not recall her to the stand after her statement was admitted through Decker's testimony, Fowler's right to further confrontation was forfeited."), *cert. denied*, —— U.S. ——, 126 S.Ct. 2862, 165 L.Ed.2d 898. Regarding forfeiture by wrongdoing, the *Fowler* court observed that although Indiana courts have never addressed the applicability of this doctrine to a Confrontation Clause violation, the doctrine has a lengthy history and is recognized by the federal courts and courts of several sister states. *Id.* at 468.

■ We see no reason why a defendant, who by his or her own wrongdoing renders a witness unavailable to testify, would not forfeit the Sixth Amendment right to confront that witness at trial. To hold otherwise would permit a defendant to benefit from his or her wrongful act, which in this case was murdering the witness.

■ Boyd also argues that Ruth's statement was inadmissible hearsay. Assuming that is the case, we conclude that Boyd's wrongdoing also results in the forfeiture of any distinct right to confront witnesses created by the Indiana Rules of Evidence.

Indiana Evidence Rule 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Hearsay is not admissible except as provided by law or by these rules." Ind. Evidence Rule 802. The Federal Rules of Evidence specifically provide that the hearsay rule does not exclude "[a] statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." Fed.R.Evid. 804(b)(6). Although the Indiana Rules of Evidence do not contain a similar provision, we see no reason why the doctrine of forfeiture by wrongdoing may not be applied as a matter of common law. *See* Ind. Evid. R. 802; Ind. Evid. R. 101(a) ("If these rules do not cover a specific evidence issue, common or statutory law shall apply.").

■ Further, the forfeiture of the right to confront witnesses who are unavailable to testify based on the defendant's wrongdoing may be likened to the doctrine of invited error. "The doctrine of invited error is grounded in estoppel. Under this doctrine, a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Wright v. State*, 828 N.E.2d 904, 907 (Ind.2005) (quo-

Ct.App.2005) ("Failure to put forth a cogent argument acts as a waiver of the issue on appeal."), *trans. denied.*

tations and citations omitted). Boyd may not take advantage of Ruth's inability to testify, which was the natural consequence of his own misconduct—murdering her.

■ Finally, Boyd argues that the statement should have been excluded because it is cumulative of other evidence, namely that Ruth reported a battery by her husband to the police and that she had a black eye and bruises on her arms and back when she made the report. "Rulings on the admission of evidence are subject to appellate review for abuse of discretion." *McHenry v. State*, 820 N.E.2d 124, 128 (Ind.2005). Relevant evidence may be excluded if its probative value is substantially outweighed by the needless presentation of cumulative evidence. Ind. Evid. R. 403. Although other evidence may have been sufficient evidence to support Boyd's battery conviction, Ruth's statement corroborated the police officers' testimony and provided a specific account of the battery. The trial court did not abuse its discretion in admitting Ruth's statement into evidence.

## Conclusion

Boyd's wrongdoing forfeited his right to confront Ruth at trial as provided by the Sixth Amendment and the Indiana Rules of Evidence. The trial court did not abuse its discretion in admitting Ruth's statement in addition to other evidence of the battery. We affirm.

Affirmed.

NAJAM, J., and RILEY, J., concur.