Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2014, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JERRY T. DROOK**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| TRACY L. OAKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1312-CR-1057 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, Judge
Cause No. 85C01-1211-FB-1020

**June 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Tracy Oaks ("Oaks") pleaded guilty in Wabash Circuit Court to Class B felony dealing in a schedule I, II, or III controlled substance. Oaks appeals the trial court's sentencing order arguing that her eight year sentence, four years executed at the Department of Correction and four years suspended to probation, is inappropriate in light of the nature of the offense and character of the offender.

We affirm.

**Facts and Procedural History**

On March 6, 2012, a confidential informant working with the Wabash Drug Task Force contacted North Manchester Police Department officer Brian Enyeart, a member of the task force and her contact officer, regarding a potential drug transaction with Oaks. Oaks had previously offered to sell Vicodine or Norco tablets to the informant. At 10:00 a.m., on March 7, 2012, the confidential informant met with task force officers who searched the informant's vehicle for unauthorized drugs or money, provided the informant with $100 in recorded bills to purchase drugs from Oaks, and outfitted the informant with video and audio equipment. Thereafter, the informant met Oaks at her home and purchased twenty tablets containing hydrocodone (10mg) and acetaminophen (325mg) for $100. Ten of the tablets were provided by Oaks's husband because Oaks only had ten of her own. And, even though Oaks negotiated the entire transaction, Oaks claims the confidential informant was a friend of her husband, and that her husband was in fact involved in the deal from the beginning.

On November 22, 2012 Oaks was charged with dealing in a schedule I, II, or III controlled substance. On April 29, 2013, in the presence of her attorney, Oaks entered an

2

open guilty plea.  After Oaks pleaded guilty, but before Oaks was sentenced, Officer Enyeart discussed the possibility of Oaks becoming a confidential informant with Wabash County Prosecutor William Hartley, Jr.  In a letter dated June 9, 2013, sent to Oaks's counsel, the State offered Oaks a deal if she agreed to be a confidential informant. Oaks agreed to participate in eight controlled transactions, with four targets, within the next three months.  In exchange, the State agreed to allow Oaks to plead guilty to possession of a controlled substance, a Class D felony, and dismiss Oaks's original charge.

Initially, Oaks maintained good contact with Officer Enyeart. But after the first transaction, she failed to communicate with Officer Enyeart, forcing him to call her. Over the course of five months, rather than the specified three controlled transactions,  Oaks only managed to perform two, with the same target, rather than eight transactions with four targets as called for in her agreement.  Oaks explained that her poor performance was due to slow recovery from injuries suffered in a fall, including a broken ankle, injury to her arm and pinched nerves in her neck; and because she needed to wait "until everything died down" after her sister-in-law "told everyone I was snitching."[1]  Tr. p. 17. Due to her incomplete performance, Officer Enyeart and the prosecutor determined that they would no longer use Oaks as an informant.

Without completing the agreement, Oaks was no longer entitled to the deal outlined in the June 9th letter.  Therefore, on November 25, 2013, the trial court accepted

---

[1] Oaks required surgery on her ankle, wrist, elbow and neck. Since she suffers from type two diabetes she heals more slowly forcing the surgeries to be spread out. Her broken ankle prevented her from walking for three months.  At the time of sentencing she still needed at least three more surgeries.

her existing plea of guilty. After considering Oaks minor criminal history[2], poor health, guilty plea, partial performance as a confidential informant and statements attempting to pass blame to her husband, the trial court sentenced her to eight years, four years executed at the Department of Correction and four years suspended to probation. Oaks now appeals the appropriateness of this sentence.

**Discussion and Decision**

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principle role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 856, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted.).

When we review the appropriateness of a sentence, we consider "all aspects of the

---

[2] On February 22, 2001, Oaks was convicted of Check Deception, a Class A misdemeanor. However, the one year sentence was fully suspended to probation, and Oaks entered into the deferral program to remove it from her record.

penal consequences imposed by the trial judge." Davidson v. State, 926 N.E.2d 1023, 1024. (Ind. 2010). This includes, "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010). "Since the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011). This burden is greater still when the sentence is below the advisory level.

Here, the trial court ordered Oaks to serve eight years, four years executed at the Department of Correction and four years suspended to probation. At eight years, Oaks's sentence is 20% less than the ten-year advisory sentence.[3] In addition, we are charged to consider not only the length of the sentence, but also the portion of the total sentence that is suspended. Davidson v. State, 926 N.E.2d 1023, 1024. (Ind. 2010). Considering the four years suspended to probation, Oaks's executed sentence is effectively below the statutory minimum sentence Oaks attorney requested for her at the sentencing hearing.

This sentence is not inappropriate in light of the nature of the offense. It is true that Oaks was arrested for dealing less addictive schedule III drugs, sold the drugs from

---

[3] See Ind. Code § 35-50-2-5. ("A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years.")

her home rather than on the street, and only sold twenty pills. However, addictive substances do substantial social harm wherever they are sold, and Oaks need only have knowingly transferred a single pill to be convicted of dealing in schedule I, II, or III controlled substances. See Ind. Code § 35-48-4-2.

This sentence is also not inappropriate in light of the character of the offender. It is true that in Oaks's first thirty-nine years, she was only convicted of a single misdemeanor for check deception. It is also true that she pleaded guilty to the instant offense: that she initially attempted to cooperate with police as a confidential informant but failed in part due to health issues and fear that her "cover may have been blown." Oaks also suffered from exceedingly poor health. Tr. p. 17. However, Oaks's lack of truthfulness relating to her criminal history, and continued excuses relating to her husband's involvement in the instant offense do not reflect well on her character.

For all of these reasons, we conclude that Oaks's eight-year sentence, four years executed at the Department of Correction and four years suspended to probation, is not inappropriate in light of the nature of the offense and the character of the offender. Perhaps another court would have given more weight to her involvement as a confidential informant and sentenced her more leniently, but such determinations are not the role of our court.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.