## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2015, 9:26 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Urbano, *Appellant-Defendant,* | August 25, 2015 |
| v. | Court of Appeals Case No. 49A05-1502-CR-45 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Anne Flannelly, Magistrate |
| | Trial Court Cause No. 49G04-1404-FB-019123 |

**Bailey, Judge.**

# Case Summary

[1] Jose Urbano ("Urbano") appeals his conviction for Criminal Confinement, as a Class D felony.[1] He presents the sole issue of whether sufficient evidence supports the conviction. We affirm.

# Facts and Procedural History

[2] In the spring of 2014, Jennifer Hernandez ("Hernandez") ended her dating relationship with Urbano. On April 11, 2014, Hernandez returned to her apartment to find Urbano waiting for her. He was insistent that they should talk about resuming their relationship. They talked for a while, and Hernandez repeatedly told Urbano that the relationship would not be rekindled. She told Urbano to leave, but he would not do so.

[3] Hernandez told Urbano that she would leave the apartment if he would not. In response, Urbano informed Hernandez that he would not let her leave. He stood by the door and grabbed Hernandez as she attempted to leave. Urbano pushed her back onto the sofa and took away her cell phone and keys. When Hernandez was able to reach her bedroom and lock herself in, Urbano retrieved

---

[1] Ind. Code § 35-42-3-3. This offense is now a Level 6 felony. We refer to the version of the statute in effect at the time of Urbano's crime. He does not challenge his conviction for Domestic Battery, as a Class A misdemeanor. I.C. § 35-42-2-1.3.

a knife from the kitchen and pried the door open. He kept watch over Hernandez and she was not allowed to leave her apartment for fifteen hours.

[4] Eventually, a maintenance worker arrived to repair a water leak and Urbano agreed that he could come in. However, he cautioned Hernandez against saying anything. When the door opened, Hernandez ran out. She obtained an emergency key from underneath her car and escaped to a friend's house. There, she summoned police.

[5] Urbano was charged with Criminal Confinement as a Class B felony, and with Domestic Battery, as a Class A misdemeanor. At the conclusion of a bench trial, he was convicted of the lesser-included offense of Criminal Confinement, as a Class D felony, and Domestic Battery, as charged. He received a sentence of 545 days for the felony conviction, and one year for the misdemeanor conviction, to be served concurrently. This appeal ensued.

# Discussion and Decision

[6] Indiana Code Section 35-42-3-3 provides that a person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement. Urbano argues that the evidence is insufficient to establish beyond a reasonable doubt that he confined Hernandez. He points to Hernandez's testimony that she was able to do certain things such as take a shower or lie down to sleep.

[7] The standard by which we review alleged insufficiency of the evidence to support a criminal conviction is well-settled. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether the evidence in a particular case sufficiently proves each element of an offense. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." *Id.* Appellate courts affirm the conviction unless "no reasonable fact-finder *could* find the elements of the crime proven beyond a reasonable doubt." *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000) (emphasis added).

[8] The evidence most favorable to the verdict is that Urbano refused to permit Hernandez to leave her apartment for a fifteen-hour period of time. When Hernandez first expressed her desire to leave, Urbano grabbed her arms and pushed her back onto the sofa. Hernandez made repeated attempts to get to the door, but Urbano responded by blocking her path. Hernandez attempted to scream, but Urbano covered her mouth to stifle the screams. Urbano took possession of Hernandez's cell phone. When Hernandez was able to retrieve the phone and attempt to use it, Urbano would grab her hand and prevent her communication. Eventually, Hernandez was able to get inside her bedroom and lock the door. As she tried to escape out a bedroom window, she saw Urbano enter the room. He had gained entry by prying into the door lock with a knife. Urbano ordered Hernandez to go back to the living room, which she did. If Hernandez moved from one room to another, Urbano followed her.

Hernandez eventually escaped under the pretext that she was merely allowing a maintenance worker into the apartment.

[9] From this evidence, a reasonable fact-finder could conclude beyond a reasonable doubt that Urbano knowingly or intentionally confined Hernandez without her consent.

## Conclusion

[10] The evidence is sufficient to permit the trial court as fact-finder to conclude beyond a reasonable doubt that Urbano committed Criminal Confinement.

[11] Affirmed.

[12] Baker, J., and Mathias, J., concur.