## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2018, 10:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marques Holmes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 15, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-1137 <br><br> Appeal from the Elkhart Circuit Court <br><br> The Honorable Michael A. Christofeno, Judge <br><br> Trial Court Cause No. <br> 20C01-1605-F2-12 |

**Crone, Judge.**

# Case Summary

[1] Marques Holmes appeals his convictions for level 2 felony dealing in methamphetamine and level 6 felony resisting law enforcement. He contends that the trial court committed fundamental error by excluding a witness who invoked his Fifth Amendment right against self-incrimination. Because the error, if any, was invited, we affirm.

# Facts and Procedural History

[2] On May 17, 2016, Elkhart Police Corporal Jim Ballard was dispatched to 502 West Marion Street in response to a report of a threat. Corporal Ballard spoke to the person who reported the threat and then left the area. About an hour later, Corporal Ballard was again dispatched to 502 West Marion Street. When he arrived, he observed a white minivan parked in front of the residence and suspected that the man sitting in the driver's seat was the person reportedly making the threats. Corporal Ballard parked his clearly marked police vehicle behind the minivan and exited his vehicle. As he walked toward the minivan, it drove away. Corporal Ballard returned to his patrol car, activated the overhead red and blue lights, and followed the minivan. The minivan stopped, and Corporal Ballard parked behind it. As he was getting out of his patrol car, the minivan drove away again. Corporal Ballard activated his lights and siren and followed the minivan several city blocks.

[3] Eventually, the minivan stopped. Corporal Ballard, assisted by other officers, ordered the driver to exit the minivan. Once the driver was out of the vehicle,

the officers handcuffed him and identified him as Holmes. When he approached the minivan, Corporal Ballard smelled the odor of burnt marijuana coming from inside it. Officers searched the minivan and discovered a marijuana roach, a digital scale with a white powder on it, a clear bag containing synthetic marijuana, a clear bag containing a crystal-like substance that appeared to be methamphetamine, and a clear bag containing capsules, some of which held a white powder. Testing revealed that the crystal-like substance was 8.55 grams methamphetamine and that the white powder in the capsules was methamphetamine weighing a total of 1.49 grams.

[4] The State charged Holmes with level 2 felony dealing in methamphetamine and level 6 felony resisting law enforcement. A jury trial was held. After the State completed its case-in-chief, Holmes attempted to call Antwan Wilson to testify in Holmes's defense. Outside the presence of the jury, the trial court permitted Holmes's defense counsel to offer Wilson's testimony. Wilson testified that he and Holmes were cousins and that the white minivan belonged to their grandmother. Tr. Vol. 2 at 178-79. Wilson explained that on May 17, 2016, he had possession of the minivan, he had visited his uncle at 502 West Marion Street, and they had argued. *Id*. at 178-80. Wilson testified that Holmes met him at his uncle's residence to pick up the minivan and return it to their grandmother. *Id*. at 183. When defense counsel asked Wilson if he placed the drugs in the minivan, Wilson replied, "I plead the Fifth on that." *Id*. at 190.

[5] At that point, the trial court asked, "Does anyone but me think that ends the questioning?" *Id*. The prosecutor stated that he agreed with the trial court. The

trial court asked defense counsel if he agreed that because Wilson had exercised his Fifth Amendment right not to incriminate himself, defense counsel was precluded from questioning Wilson further and Wilson was not available for cross-examination by the State. *Id*. at 190-91. Defense counsel asked for a moment, which the trial court granted. After an off-the-record discussion among defense counsel, Holmes, and Wilson, the trial court asked the parties to clearly state their positions on whether Wilson could testify:

> Ethically neither one of you can call Antwan Wilson now because he's taken the Fifth Amendment. You can't put him on in front of a jury and have him take the Fifth Amendment knowing that he's going to take the Fifth Amendment; so that is off the table, I assume. Do you agree?

*Id*. at 192-93. Defense counsel responded, "I believe that is the law of the land." *Id*. at 193.

[6] The jury found Holmes guilty as charged. The trial court sentenced Holmes to an aggregate term of thirty-two and a half years, with two and a half years suspended to probation. This appeal ensued.

## Discussion and Decision

[7] Holmes concedes that he did not object to the trial court's exclusion of his witness and therefore argues that it constitutes fundamental error. *See Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014) (stating that fundamental error doctrine is exception to rule that failure to object constitutes procedural default precluding consideration of issue on appeal). However, Holmes's

counsel agreed with the trial court that exclusion of the witness was required under the law. Tr. Vol. 2 at 193. Therefore, to the extent any error occurred, the error was invited. "Under the doctrine of invited error, a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Hill v. State*, 51 N.E.3d 446, 451 (Ind. Ct. App. 2016) (citing *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). "A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error." *Cole v. State*, 28 N.E.3d 1126, 1136 (Ind. Ct. App. 2015) (quoting *Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995)). Accordingly, we affirm Holmes's convictions.

[8] Affirmed.

Najam, J., and Pyle, J., concur.