## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2019, 10:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emmanuel Stacy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 27, 2019

Court of Appeals Case No. 18A-CR-2461

Appeal from the Allen Superior Court

The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No. 02D05-1803-F5-70[1]

---

[1] There is some confusion regarding the trial court cause number. The trial transcript, the sentencing hearing transcript, Appellant's Appendix, and Appellant's Brief label it under Cause No. 02D05-1803-F5-70, whereas Appellee's Brief and the Chronological Case Summary label it under Cause No. 02D06-1803-F5-70. Given that the core trial documents all use the same number, we will use Cause No. 02D05-1803-F5-70.

**Baker, Judge.**

[1] Emmanuel Stacy appeals his conviction for one count of Level 5 Felony Domestic Battery Resulting in Serious Bodily Injury,[2] arguing that the evidence was insufficient to support the conviction. Finding that the evidence was sufficient, we affirm.

# Facts

[2] On January 16, 2018, Dawn Macron was driving when she noticed two people fighting inside a blue Dodge Neon in front of her. After slowing down, Macron saw a woman, Sarah Del Cid, being pushed out of the passenger side of the moving car. According to Macron, Del Cid "landed on the ground[,]" her "butt hit[] the ground," she "bounced on the sidewalk," and "[h]er shoulders went out." Trial Tr. Vol. I p. 122-23. Del Cid and Stacy have been in a relationship for three years. Del Cid testified that the two were living together, and on the day of this incident, she had been with Stacy in his car at some point. Records show that Stacy had a blue Dodge Neon registered in his name.

[3] Macron did not see who was driving the vehicle. She followed the Dodge Neon until she discovered that the car had no license plate. She called 911. Fort Wayne Police Officer Brendon Dubberly was driving nearby when some people flagged him down to tell him that a woman had just been "thrown out of a

---

[2] Ind. Code §§ 35-42-2-1.3(a)(1), -1.3(c)(1).

vehicle." *Id.* at 129. Officer Dubberly saw Del Cid, turned around, and attempted to help her. By the time he reached Del Cid, two unidentified individuals had already placed her in their car. Officer Dubberly tried to get their contact information and to call for medical attention, but they declined.

[4]    The two individuals then took Del Cid, who was unconscious, to the home of her sister, Penny Quinn. Quinn called 911 after Del Cid did not regain consciousness. A few minutes later, emergency personnel and police officers arrived. Del Cid continued slipping in and out of consciousness. Sergeant Christopher Reed overheard Del Cid mention, while awake, that "she was thrown from a vehicle by her boyfriend." *Id.* at 141. Emergency personnel took her to the hospital, where medical staff observed that she had abrasions, bruising, and contusions. Later that evening, a man named Steven Cox picked up the two sisters from the hospital. Del Cid testified that she had recently met Cox, and Quinn testified that she had never heard of him. In fact, Quinn was surprised Del Cid did not call Stacy to pick them up.

[5]    On March 7, 2018, the State charged Stacy with one count of Level 5 felony domestic battery resulting in serious bodily injury and one count of Level 6 felony strangulation. The State tried Stacy from August 7-8, 2018. During the trial, Del Cid testified that she could not remember what had happened that day. She could neither confirm nor deny that Stacy had pushed her out of the moving vehicle. Midway through the jury trial, the State moved to dismiss the Level 6 felony strangulation count, which the trial court granted. The jury

found Stacy guilty as charged. On September 12, 2018, the trial court sentenced Stacy to four years in the Department of Correction (DOC). Stacy now appeals.

# Discussion and Decision

Stacy's sole argument on appeal is that the evidence was insufficient to convict him of Level 5 felony domestic battery resulting in serious bodily injury. When reviewing the sufficiency of the evidence supporting a conviction, we must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). It is not our job to reweigh the evidence or to judge the credibility of the witnesses, and we consider any conflicting evidence most favorably to the trial court's ruling. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005).

To convict Stacy of Level 5 felony domestic battery resulting in serious bodily injury, the State was required to prove beyond a reasonable doubt that Stacy (1) knowingly or intentionally (2) touched (3) a family or household member (4) in a rude, insolent, or angry manner, and (5) the offense resulted in serious bodily injury to the family or household member. I.C. §§ 35-42-2-1.3(a)(1), -1.3(c)(1).

First, it is undisputed that someone touched Del Cid in a rude, insolent, or angry manner, resulting in serious bodily injury. The medical staff observed abrasions, bruising, and contusions all along Del Cid's body, and Del Cid suffered an extended period of unconsciousness and pain after she was pushed

out of the Dodge Neon. Multiple eyewitnesses, including Macron, Quinn, and Sergeant Reed, either saw the incident occur or assisted Del Cid with her injuries immediately after the incident. At issue, Stacy contends, is the identity of the driver in the blue Dodge Neon who pushed Del Cid out of the car. Stacy argues that the evidence is insufficient to prove that he was the driver, and, therefore, to convict him of domestic battery. We find Stacy's argument unavailing.

[9] A criminal conviction may properly rest entirely upon circumstantial evidence. *Hampton v. State*, 961 N.E.2d 480, 486 (Ind. 2012). Del Cid was with Stacy on January 16, 2018, and though she could not remember all that had happened, she testified that she was with him in his car at some point that day. The two had been living together and had been in a relationship for three years. Additionally, even though the Dodge Neon in question did not have a license plate, the State proved that a blue Dodge Neon was registered in Stacy's name. Quinn knew that Stacy and Del Cid were dating, and she found it strange that Steven Cox, unknown to her at the time, picked her and Del Cid up from the hospital rather than Stacy. Furthermore, Sergeant Reed testified that at Quinn's home, he overheard Del Cid say that she was thrown from the vehicle by her boyfriend. A reasonable trier of fact could conclude from this evidence that Stacy, her boyfriend at the time, was the driver of the blue Dodge Neon who pushed Del Cid out of the car, thereby committing domestic battery. Therefore, the evidence is sufficient to support the conviction.

The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.