## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 17 2019, 7:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Carlisle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 17, 2019

Court of Appeals Case No.
19A-CR-1154

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge
The Honorable Julie P. Verheye,
Magistrate

Trial Court Cause No.
71D04-1809-CM-3019

**Baker, Judge.**

[1] Donald Carlisle appeals his conviction for Class A Misdemeanor Battery,[1] arguing that the evidence was insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On September 3, 2018, Carlisle and Allison Angel were at Angel's house in South Bend. That morning, Angel tried to remove Carlisle's drug pipe from his pocket while he was still sleeping. Carlisle woke up and became infuriated. Angel testified that as she began to lie down, "all of a sudden I felt something bam in my face." Tr. Vol. II p. 6. Angel remembered there being a bottle of vodka right next to the bed. She believed that Carlisle had struck her with the bottle and that the wallop had felt "[j]ust like an explosion." *Id.* at 7. Angel then ran to her neighbor's house to call the police.

[3] Two officers were dispatched to the scene. South Bend Police Department Officer Charles Rothy spoke with Angel and photographed her face, noticing a large bump over her eye. Officer Anthony Ieraci was also dispatched, but on the way there, he ended up finding Carlisle's vehicle and pulling him over. Officer Ieraci saw that Carlisle had dried blood on his hands, and Carlisle stated that the blood was Angel's.

---

[1] Ind. Code § 35-42-2-1(c)(1), -1(d)(1). The statutory citation in the trial court's sentencing order—and throughout the Chronological Case Summary—is incomplete. As such, we have corrected this scrivener's error with the complete citation for Class A misdemeanor battery.

[4] On September 5, 2018, the State charged Carlisle with one count of Class A misdemeanor battery. Following Carlisle's April 25, 2019, bench trial, at which Angel, Officer Rothy, and Officer Ieraci all testified, the trial court found Carlisle guilty as charged. The next day, April 26, 2019, the trial court sentenced Carlisle to 20 days executed in the Department of Correction and 345 days of probation, with a no-contact order in place to protect Angel for the duration of Carlisle's probation. Carlisle now appeals.

## Discussion and Decision

[5] Carlisle's sole argument on appeal is that the evidence was insufficient to support his conviction for Class A misdemeanor battery. When reviewing the sufficiency of the evidence supporting a conviction, we must affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). It is not our job to reweigh the evidence or to judge the credibility of the witnesses, and we consider any conflicting evidence most favorably to the trial court's ruling. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005).

[6] To convict Carlisle of Class A misdemeanor battery, the State was required to prove beyond a reasonable doubt that Carlisle knowingly or intentionally touched Angel in a rude, insolent, or angry manner and that the touching resulted in bodily injury to her. I.C. § 35-42-2-1(c)(1), -1(d)(1).

First, we find that Carlisle's reliance on the incredible dubiosity rule is misplaced. "Application of [the incredible dubiosity rule] is very narrow and permitted only 'where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt.'" *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011) (quoting *Whedon v. State*, 765 N.E.2d 1276, 1278 (Ind. 2002)). Here, Angel was not the sole witness testifying—Officers Rothy and Ieraci also testified. Consequently, the incredible dubiosity rule does not apply in Carlisle's case.

Next, the evidence shows that on the night of the incident, Angel attempted to remove Carlisle's drug pipe from his pocket while he was sleeping. Then, Angel testified that she felt a smashing over her head that resulted in a large bump and felt like an explosion. Angel remembered seeing a vodka bottle next to the bed, and it is undisputed that Angel and Carlisle were the only two individuals inside the room at the time. The State proffered photographs taken by Officer Rothy showing Angel's injuries and her condition immediately following the attack. Additionally, Officer Ieraci pulled Carlisle over and noticed that there was dried blood on Carlisle's hands. Carlisle even admitted that the blood on his hands was not his, but Angel's.

A reasonable factfinder could have inferred that Carlisle struck Angel with the vodka bottle from the facts that the bottle was by the bed, no one else was present, Angel felt something smash on her head, and she was injured as a result. In other words, based on this evidence, a reasonable factfinder could have convicted Carlisle of Class A misdemeanor battery. In considering all

evidence and inferences most favorably to the verdict, we find the evidence sufficient to support the conviction.

[10] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.